BOBBY G. NORRIS, Plaintiff-Appellant, *v.* THE CITY OF AURORA *et al.*, Defendants-Appellees.

Second District   No. 80-989

Opinion filed December 31, 1981.—Rehearing denied April 15, 1982.

Norman R. Lawrence, of Aurora, for appellant.

Peter K. Wilson, Jr., of Puckett, Barnett, Larson, Mickey, Wilson and Ochsenschlager, of Aurora, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Bobby G. Norris, appeals from the judgment of the circuit court of Kane County affirming the order of the Aurora Civil Service Commission discharging the plaintiff from his job as a bus driver for the City of Aurora.

The plaintiff was a bus driver for the City of Aurora for approximately nine years before he was discharged. On June 5, 1975, he was involved in an altercation with another bus driver while on duty, and it is alleged that he threatened the other bus driver with a board. After an argument on the street along the bus route, he and the other driver agreed to meet at an empty lot after work to settle their differences. The plaintiff brought a gun to this meeting and discharged it at the feet of the other driver when he thought the other driver was advancing in a threatening manner. The incident was reported to Norris' superior the day afterwards—June 6, 1975—and Norris was notified on the same day that he was being suspended from work for 29 days and charges were being preferred against him. He was told in that letter that he was being discharged as of July 5, 1975.

On June 14, 1975, Norris' lawyer, Lawrence, wrote the Aurora Civil Service Commission demanding immediate reinstatement of Norris or, in the alternative, an immediate hearing, notice of charges and details thereof and a transcript of any hearing. It is indicated in the plaintiff's brief that some preliminary questioning of the plaintiff was done by a city official immediately after the incident in question, although no formal record was made of such interrogation. As will be seen later, this memo of the initial investigation was not used at the hearing before the Civil Service Commission. No warnings or admonishment were given to Norris in such preliminary investigation as to the later use of the results of such

investigation, as required by section 10—1—18 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—18).

On July 18 the Aurora Civil Service Commission acknowledged Attorney Lawrence's letter and set the hearing on plaintiff's discharge for August 5, 1975. When the hearing convened on August 5 Attorney Lawrence presented a motion to dismiss the proceedings with prejudice because of alleged deficiencies and irregularities in the procedure preceding the hearing, among these being that the charges were vague and inconsistent, that the plaintiff had never been properly notified of his rights as required by statute and that the commission had acquired a prejudice against the plaintiff before the hearing. The plaintiff's motion prayed for dismissal of the charges "with prejudice" although no evidence at that time had been taken. The commission, upon presentation of this motion, dismissed the hearing orally and without any comment that appears in the record. We must assume that the commission, in granting the motion to dismiss the proceedings, was not sure it had proceeded correctly up to that point. While no order was entered by the commission at that time, a subsequent letter written by the corporation counsel to another city official, in referring to the dismissal of the August 5 hearing, mentioned "procedural difficulties" as the reason for dismissing the hearing at that time.

Following the dismissal of the hearing on August 5, Norris was reinstated and given his back pay from June 6 to September 11. However, on September 16 he was again advised by letter from the commission that he was being suspended effective September 15, and that there would be a hearing on his case. Detailed charges were set forth in that letter, which stated that Norris was being suspended for a period of 29 days effective September 15 and that charges were being preferred against him by the Aurora Civil Service Commission with a view to seeking his ultimate termination. On September 24 Attorney Lawrence demanded an immediate hearing for Norris. On October 6 Lawrence was informed there would be a hearing before the Civil Service Commission on October 21. The hearing set for that date was continued to October 28—at whose instance is not clear from the record.

On October 28 the hearing proceeded, although it was not finished that day. At the next meeting, November 4, the commission finished its consideration of the case and decided against Norris. He was sent a letter advising him that after careful consideration the commission had ruled in favor of the City of Aurora as to all the charges brought against him. Norris then brought an action for administrative review of the commission's decision which was heard and decided in the commission's favor by the circuit court. This resulted in the present appeal.

In substance, the plaintiff contends in this appeal (1) that the

commission violated the procedural rules set forth in section 10—1—18 of the Municipal Code pertaining to civil service employees (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—18) in the following respects: (a) by failing to notify the employee of his rights during investigative interrogation; (b) in suspending the employee for two distinct periods for the same offense; (c) in failing to enter a written formal order of discharge; (d) in failing to make formal findings for a discharge and failing to certify the same to the employees appointing office and failing to provide the employee with a transcript of the discharge hearing; (2) that the commission erred in bringing a second proceeding for discharge against the employee after a dismissal of the first proceeding was granted on a motion asking for a dismissal of the hearing with prejudice; (3) that the commission erred in failing to provide a hearing within 30 days of the demand therefor by the employee; (4) that the decision was against the manifest weight of the evidence.

■■ As to the first contention, while there were flaws in procedure in the initial handling of the case, these did not carry over so as to invalidate the second hearing. Indeed, the commission tacitly acknowledged these deficiencies in aborting the first hearing on the motion of the plaintiff. At the second hearing the commission ruled that no evidence taken at the preliminary interrogation should be presented before the Civil Service Commission at the second hearing. Thus the preliminary investigation did not affect the result of the second hearing.

The plaintiff complains of a failure to notify him of his rights during the preliminary investigation, but we disregard this contention since that evidence was not used. That evidence merely served as a preliminary determination as to whether or not there was cause for a hearing.

■■ Plaintiff also complains that he was suspended twice for the same offense, but this resulted from the termination of the first hearing on the plaintiff's motion. It should be noted that the City of Aurora reimbursed the plaintiff for the wages lost during the period of the first suspension. He was notified as to the detailed charges against him and then after the hearing was notified that the commission had found against him on all these charges. The contention that he was not notified as to the detailed charges against him is not substantiated. Section 10—1—18, governing removal and suspension of a civil service employee, provides that the charges must be in writing and also provides for a hearing and for other safeguards as to preliminary investigation, but it does not require that the discharge of an ordinary municipal employee be accompanied by formal written findings. The failure to make such formal written findings and notify the plaintiff as to such findings did not affect the validity of the proceedings. There is a further contention that the plaintiff was required to carry the burden of proof as to his right to be reinstated. However, the

mere fact that the plaintiff was required to defend charges emanating from a preliminary investigation of an incident which the plaintiff admittedly was involved in does not shift the burden of proof. It merely requires him to answer the charges, as would be required even under the greater protection afforded a defendant in a criminal case. It is farfetched to say that the mere filing of charges, thus putting the employee on the defensive, shifts the burden of proof. It always is the administrative body's burden to prove the charges by the manifest weight of the evidence. It was so in this case, and the trial court found that the commission had sustained that burden. As to the failure to certify a written order of discharge, while a written order of discharge is desirable, it is not required by the statute. The commission, by letter, advised the plaintiff's attorney as to its decision, and the decision was thus made a matter of record, being General Order No. 10 (undated) of the Aurora Civil Service Commission. We do not find that the plaintiff was prejudiced by the lack of formal written findings.

The plaintiff also complains he was not furnished a transcript of the civil service hearing upon his discharge. Such a transcript was available at the city hall and the plaintiff was made aware of this. Upon motion during this appeal the transcript of the hearing was made a part of the record. The transcript of the discharge hearing which terminated on November 4 was, of course, part of the record before the circuit court in the administrative review hearing and was available to the plaintiff at that time. The plaintiff has not pointed out any specific prejudice he suffered because the transcript of the hearing before the commission was not given to him following that hearing. The statute requires that a "complete record" of the hearing shall be made and a "complete transcript thereof made available to such officer or employee." A complete transcript of the hearing was indeed made, and the transcript was made available to the plaintiff, who was informed that it was available to him at the city hall. The transcript having been submitted to the trial court at the administrative review hearing and made a part of the record on appeal and no specific prejudice to the plaintiff having been cited with regard to the transcript, we disregard this contention.

We consider next the plaintiff's second argument—that it was a violation of due process for the commission to bring a second discharge proceeding against him after the commission had granted his motion to dismiss the first proceeding, the motion being "with prejudice." The plaintiff argues that where a motion is granted without an order following, which explains or construes the legal effect of the order, the effect of granting the motion is to be gleaned from the relief prayed for in the motion. In this case the plaintiff's motion of August 5 asked that the charges against the plaintiff be dismissed "with prejudice" and the

commission, upon presentation of that motion, terminated the hearing, without any consideration of the evidence or the merits of the case. In this sense the commission did thereby grant the plaintiff's motion to dismiss the proceedings. The plaintiff cites the case of *Ferracuti v. Ferracuti* (1975), 27 Ill. App. 3d 495, in arguing that the granting of the motion should be construed as a granting of the relief prayed for in that motion. However, the *Ferracuti* case is not apposite to the case before us. There the motion was entitled "Motion for Change of Venue to Another Circuit." After the motion was granted and the case decided by a judge of another circuit, the wife, whose motion it was, contended that the order "assigning" the case to another judge in a different circuit did not effect a change of venue to the other circuit but was a mere assignment of an out-of-county judge to hear the case in the original county. It was in this context that the appellate court commented: "The order should be construed within the context of the defendant's motion which accompanied it." (27 Ill. App. 3d 495, 498.) It should be noted that in the *Ferracuti* case it was the party making the motion and designating it as a "change of venue" who was trying to argue that the order granting the motion did not effect a change of venue. This was a procedural matter, not involving the merits and not involving a question of *res judicata*. In any event, the doctrine of *res judicata* under any set of facts applies only where there has been a determination of the merits. The leading case on the doctrine of *res judicata* in Illinois, *Charles E. Harding Co. v. Harding* (1933), 351 Ill. 417, in discussing the doctrine, states that it applies to "a cause of action finally determined between the parties *on the merits* * * *." (Emphasis added.) 352 Ill. 417, 426.) In *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 524, the court in discussing the doctrine of *res judicata* said:

> "Thus, before an adjudication can stand as a bar to a subsequent action, it must be determined whether the first action resulted in a final judgment on the merits * * *."

In its discussion of *res judicata* (46 Am. Jur. 2d *Judgments* §477 (1969)), it is stated:

> "In stating the doctrine of res judicata, the courts usually refer to the fact that the judgment sought to be used as a basis of the doctrine was rendered upon the merits * * *."

■■ Since no evidence was heard in the case before us and no judgment rendered on any issue at the first hearing, due to the plaintiff's motion to dismiss, there was no determination to which the doctrine of *res judicata* could apply in connection with the first hearing. The cases of *Bernhardt v. Fritzshall* (1973), 9 Ill. App. 3d 1041, and *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, cited by the plaintiff, have no bearing on the case before us. *Bernhardt* involved a mortgage foreclosure where the "with prejudice"

dismissal was for the convenience of the defendant and in any event a different issue was presented in the second suit, which had not been reached in the first suit. In *Keim,* the court held that a previous judgment interpreting a will barred a second suit on another aspect of the same will since it was a matter which could have been put in issue and decided in the first suit. Obviously neither of these cases are apposite here. The plaintiff invokes fundamental principles of fairness and due process under the fourteenth amendment in his discussion of this point, but we think it is clearly unfair for the plaintiff himself to assert *res judicata* merely because his motion reads "with prejudice" when the motion itself prevented the hearing from proceeding to hear evidence and to render a judgment on the merits.

■■ The plaintiff further asserts that the failure of the commission to hold a hearing on his proposed discharge within 30 days of his request for such hearing ousted the commission of jurisdiction. In support of this contention the plaintiff invokes the case of *Kahn v. Civil Service Com.* (1976), 40 Ill. App. 3d 615. We also note the case of *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, bearing on the 30-day limitation. In both of these cases it was held that the commission's discharge of the employee, when he had not been granted a preliminary hearing within the 30-day limitation, was contrary to law and the decision was reversed. However, in *Kahn,* the plaintiff was a civil service employee of the State of Illinois under the protection of the Illinois Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111), which provided that no employee protected thereunder should be discharged without a hearing and that such hearing should be granted within 30 days of the employee's request for such hearing.

In *Bridges,* the employee, being a fireman, was protected under section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17), which also provides that a hearing on a proposed discharge of the employee was to be commenced within 30 days of the filing of the charges against him. The court in both cases held these provisions to be mandatory and jurisdictional. In the case before us, however, the employee is not either a State employee under the Personnel Code or a fireman or policeman under that section of the Illinois Municipal Code which pertains specifically to firemen and policemen. He is a bus driver whose rights are defined under the section of the Illinois Municipal Code applying to municipal employees generally—section 10—1—18—and while that section provides for the filing of written charges and "an opportunity to be heard in his own defense", there is no requirement that the discharge hearing be held within 30 days after the employee requests such opportunity to be heard. In this case, the plaintiff, after being notified on September 16, 1975, that charges were being

preferred against him, requested on September 24 that he be granted a hearing. A hearing was set for October 21, then continued to October 28, at which time the hearing began and concluded during the next week, on November 4. While the hearing was not held within 30 days of Norris' request, the hearing was held promptly thereafter and it is not apparent that he suffered any prejudice through undue delay, such as would violate due process standards.

■■ Lastly, the plaintiff contends the decision of the commission to discharge him was against the manifest weight of the evidence. In reading the transcript of the hearing before the commission, we note the evidence was somewhat conflicting as to whether it was King or Norris who was the more aggressive in bringing about the confrontation in the municipal parking lot. Likewise there is some conflict as to whether Norris was menaced by King at the time Norris fired his revolver at King's feet. There is substantial credible testimony, however, to establish the factual accuracy of the charges stated in the commission's letter to Norris dated September 16, 1975. Whether there was provocation for Norris firing his revolver at the feet of a fellow employee, even while off duty, and whether his doing so as a part of a continuing quarrel with such employee which began earlier when both were on duty, is ground for discharging him is, we think, a matter of judgment for the commission. The question for us to decide is whether the decision of the commission was contrary to the manifest weight of the evidence as it was presented before the commission. (See *Fenyes v. State Employee's Retirement System* (1959), 17 Ill. 2d 106; *Aarco American, Inc. v. Baylor* (1974), 18 Ill. App. 3d 14; *Cartwright v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 787.) We do not find that the commission's decision was against the manifest weight of the evidence, and, accordingly, the judgment of the trial court is affirmed.

The judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

HOPF and VAN DEUSEN, JJ., concur.