**Kenneth M. LOLLING, Plaintiff–Appellant,**

v.

**Robert L. PATTERSON, individually, and as Sheriff of Logan County, Illinois, and Logan County, Illinois, Defendants–Appellees.**

No. 91–2076.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1992.
Decided June 22, 1992.

See also 138 F.R.D. 109.

James P. Baker (argued), Springfield, Ill. and Wayne M. Klocke, Forest Park, Ill., for plaintiff-appellant.

Charles E. Hervas, James G. Sotos (argued) and James R. Schirott, Schirott & Hervas, Itasca, Ill., for defendants-appellees.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

KANNE, Circuit Judge.

In October 1986, Kenneth M. Lolling, a deputy in the Sheriff's Department of Logan County, Illinois, was interviewed by an employee of the Illinois Department of Corrections about the conditions of the Logan County jail. A report was later issued by the state corrections department which alleged deficiencies in the jail and was based, in part, on information that Deputy Lolling had provided. Sheriff Robert L. Patterson stated publicly that the report was inaccurate and could be attributed to a disgruntled Sheriff's employee, and that he would take disciplinary action against the employee.

In April 1987, Sheriff Patterson initiated disciplinary proceedings against Deputy Lolling and suspended him without pay. The proceedings were held before the Sheriff's Department Merit Commission and continued until late August 1987.[1] Deputy Lolling remained suspended without pay throughout the proceedings. The charges against him included allegations that he gave false and misleading information to the Department of Corrections employee, that he failed to properly fulfill his duties as a deputy sheriff, and that he was untruthful on several occasions. During the proceedings, Sheriff Patterson voluntarily dismissed the charge that the deputy had given false and misleading information to the Department of Corrections.

In July 1987, Deputy Lolling filed a grievance pursuant to the collective bargaining agreement between the Fraternal Order of Police and the County. The grievance committee considered Sheriff Patterson's actions in suspending Deputy Lolling without pay pending the disciplinary proceedings, and affirmed the suspension. Deputy Lolling and Sheriff Patterson settled the grievance, and executed an agreement which provided that the suspension without pay had procedurally violated Deputy Lolling's rights under the collective bargaining agreement.

In August 1987, before the Merit Commission proceedings were completed, Deputy Lolling filed a six-count complaint in federal district court against Sheriff Patterson and the County. The complaint was filed under 42 U.S.C. § 1983 and included pendent state claims. As later amended, Count I alleged that Sheriff Patterson initiated disciplinary proceedings against him in retaliation for his interview with the Department of Corrections employee in violation of his first amendment rights. Count II asserted that his suspension for more than 30 days without pay deprived him of a property interest without due process of law in contravention of the Sheriff's Merit Systems Act and the collective bargaining agreement.[2]

---

1. The proceedings were conducted under the Sheriff's Merit Systems Act, 125 Ill.Rev.Stat. § 151, *et seq.* The Act prohibited the removal, demotion, or suspension from employment of an employee except for cause, and established a merit committee and an administrative scheme to consider the propriety of disciplinary action. The Act was repealed, effective January 1, 1990, and was replaced by a portion of the Counties Code, 34 Ill.Rev.Stat. ¶ 1–1001, *et seq.*

2. Count II also alleged that the suspension violated the Uniform Peace Officers' Disciplinary Act, 85 Ill.Rev.Stat. § 2551, *et seq.* That claim was dismissed because the procedural protections of the statute do not give rise to a constitu-

Later that month, the Merit Commission dismissed several allegations against the deputy, but found him guilty of lying to an administrator and of giving false information to the Macon County Probation Department. The Merit Commission ordered that Deputy Lolling be suspended without pay for six months from the time the disciplinary proceedings were initiated.

In September 1987, Deputy Lolling filed a complaint in the Circuit Court of Logan County for administrative review of the Merit Commission's decision pursuant to 110 ILL.REV.STAT. ¶ 3–101, *et seq.* Sheriff Patterson also sought review of the Merit Commission's decision. In May 1990, the state court sustained the Merit Commission's finding that Deputy Lolling had lied to a supervisor, but reversed the finding that he gave false information to the Macon County Probation Department. The court also sustained the Merit Commission's other decisions, and remanded to the Merit Commission for the assessment of the appropriate discipline. Thereafter, the Merit Commission ordered that Deputy Lolling be suspended for three months without pay. Upon administrative review, the state court affirmed the discipline. Deputy Lolling did not appeal the state court's judgments.

The federal court action was stayed pending resolution of the Merit Commission proceedings. After the district court lifted the stay, the defendants moved to dismiss Counts II and V of Deputy Lolling's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They argued that the complaint failed to state a claim for § 1983 liability because Illinois law provided him with an adequate remedy for the alleged violations and because any violation of the collective bargaining agreement and the Sheriff's Merit Systems Act was random and unauthorized. The County also asserted that it could not be held accountable for the grievance committee's approval of Sheriff Patterson's suspension of Deputy Lolling for more than 30 days without pay. The County argued that it was not liable because the committee did not have final policymaking authority with respect to the interpretation of the collective bargaining agreement.[3] In February 1991, the district court adopted the Magistrate's recommendation that Count II be dismissed. Count V was subsequently dismissed upon the same reasoning.

In March 1991, Sheriff Patterson filed a motion for summary judgment as to Count I, contending that the issues were res judicata because Deputy Lolling failed to raise a retaliation claim as a defense to the Merit Commission and state court proceedings.[4] The district court granted Sheriff Patterson's motion. Deputy Lolling appeals the district court's grant of the defendants' motions to dismiss and Sheriff Patterson's motion for summary judgment. We affirm.

## I.

In considering the district court's dismissal of Counts II and V, we must accept as true all the plaintiff's well-pleaded factual allegations and the inferences reasonably drawn from them. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Yeksigian v. Nappi,* 900 F.2d 101, 102 (7th Cir. 1990). We will affirm the dismissal only if the plaintiff has failed to allege any set of facts upon which relief may be granted. *Id.*

The defendants do not dispute that the plaintiff enjoyed a property interest in his position as a deputy sheriff. The district court found, however, that Deputy Loll-

---

tionally protected property interest. Counts III, a pendent state claim for retaliatory suspension, IV, a pendent state claim for defamation, and VI, a pendent state claim for retaliatory suspension against the County, were dismissed and are not at issue in this appeal. Count V, a procedural due process claim against the County, was dismissed on the same grounds as Count II. *See supra.*

3. The parties do not address this issue on appeal.

4. As the district court noted, the term "res judicata" is used in this case to indicate "claim preclusion" as distinct from "issue preclusion." *See Smith v. Chicago,* 820 F.2d 916, 920 (7th Cir.1987).

ing's due process claims in Counts II and V were barred because his suspension by Sheriff Patterson for more than 30 days without pay was random and unauthorized.[5] Such deprivations of property which occur without a predeprivation hearing do not violate due process so long as the state provides a meaningful postdeprivation remedy. *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extended *Parratt* to intentional deprivations of property); *Easter House v. Felder,* 910 F.2d 1387, 1396 (7th Cir.1990) (*en banc*), *cert. denied,* —— U.S. ——, 111 S.Ct. 783, 112 L.Ed.2d 846 (1991).

Procedural due process claims may be made where the challenged deprivation occurs pursuant to an established state procedure. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Here, the County's adoption of the Sheriff's Merit Systems Act and the collective bargaining agreement to govern the employment practices of the Sheriff's Department constituted the State's established procedure. *See Easter House,* 910 F.2d at 1402–03. Deputy Lolling's complaint does not allege that Sheriff Patterson's actions were anything more than random and unauthorized violations of the Act and the collective bargaining agreement, and he acknowledges that the State's statutory merit scheme provided him with adequate state law postdeprivation remedies. He does not challenge the provisions of the Sheriff's Merit Systems Act or the collective bargaining agreement themselves; rather, he complains that Sheriff

Patterson failed to adhere to their legal requirements. *See Parratt,* 451 U.S. at 543, 101 S.Ct. at 1917; *Jones v. Doria,* 767 F.Supp. 1432, 1440 (N.D.Ill.1991)˙ (§ 1983 due process claim denied where claim alleged only that Sheriff failed to comply with state law). Therefore, he cannot argue that Sheriff Patterson acted pursuant to an established state procedure. The grievance settlement agreement acknowledged that the suspension was unauthorized and inconsistent with the collective bargaining agreement. Because Sheriff Patterson's actions were random and unauthorized, Deputy Lolling's due process rights were not violated.[6] The district court properly dismissed Counts II and V.

## II.

■ The district court granted Sheriff Patterson's motion for summary judgment on Count I of Deputy Lolling's complaint. We review a grant of summary judgment *de novo, La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.,* 914 F.2d 900, 905 (7th Cir.1990), viewing the record and all reasonable inferences drawn from it in the light most favorable to the party opposing the motion. *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). We must be satisfied that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c); *First Wisconsin Trust Co. v. Schroud,* 916 F.2d 394, 398 (7th Cir.1990).

---

**5.** The parties' collective bargaining agreement and the Sheriff's Merit Systems Act limited the suspension of officers to not greater than 30 days in any 12–month period.

**6.** Deputy Lolling's reliance on *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) is misplaced because it is distinguishable from this case. In *Zinermon,* § 1983 liability was found where the deprivation occurred pursuant to a state statutory scheme and therefore was not random, unpredictable or unauthorized. In addition, the state's predeprivation procedural safeguards were inadequate to prevent the type of deprivation from recurring in the future. As in *Easter House,* 910 F.2d at

1401, although Sheriff Patterson exercised discretion and authority in disciplining Deputy Lolling, that discretion was not "uncircumscribed" or otherwise unregulated. Unlike the state actors in *Zinermon,* the Sheriff's acts could not have been predicted by the State or prevented through the implementation of additional predisposition procedural safeguards. The grievance settlement agreement provided that in all future instances of suspension pending discharge, an officer's pay will be reinstated if a decision is not reached by the Merit Commission within 30 days of the initiation of the charges.

■ Federal courts are required to give state court judgments the same preclusive effect that those judgments would be given in the courts of the state from which they emerged if: (1) under the law of the forum state the claim would be barred by the doctrine of res judicata; and (2) the party against whom the earlier decision is asserted as a bar had a full and fair opportunity to litigate the claim or issue. *See Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); *Pirela v. North Aurora*, 935 F.2d 909, 911 (7th Cir.1991); *Welch v. Johnson*, 907 F.2d 714, 719 (7th Cir. 1990); 28 U.S.C. § 1738. The second requirement is met if the prior state proceeding met the minimum procedural due process requirements of the fourteenth amendment. *Kremer*, 456 U.S. at 481, 102 S.Ct. at 1897–98; *Welch*, 907 F.2d at 719.

■ Under Illinois law, to constitute res judicata a decision must involve "(1) identity of parties or their privies in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit." *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 145–46 (7th Cir.1991). However, " 'the bar of res judicata extends not only to questions actually decided, but also to all grounds of recovery and defenses which might have been presented in the prior litigation between the parties.' " *Pirela*, 935 F.2d at 911 (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1234 (7th Cir.1986)). The party seeking preclusion has the burden to show what was determined by the prior judgment. *Welch*, 907 F.2d at 720; *Redfern v. Sullivan*, 111 Ill. App.3d 372, 67 Ill.Dec. 166, 170, 444 N.E.2d 205, 209 (1982).

■ Deputy Lolling contests only the third requirement—a final judgment on the merits in the prior suit. He argues that the state court proceedings did not result in a final judgment on the merits because Sheriff Patterson voluntarily dismissed the charge which related to his interview with a Department of Corrections employee during the Merit Commission proceedings. *See Ervin v. Sears, Roebuck and Co.*, 127 Ill.App.3d 982, 82 Ill.Dec. 709, 714, 469 N.E.2d 243, 248 (1984) (a voluntary dismissal of a cause of action does not preclude the filing of a new action based upon the same matters); *Norris v. Aurora*, 105 Ill. App.3d 1051, 60 Ill.Dec. 482, 433 N.E.2d 279, 283–84 (1981) (res judicata not applied where a motion to dismiss was granted prior to the presentation of evidence). Deputy Lolling contends that the state court's judgment is not final because Sheriff Patterson is not prohibited from refiling the charge against him in the future. We disagree.

The state court rendered a final judgment with regard to the remaining charges against Deputy Lolling and again in upholding the Merit Commission's three-month suspension. In his federal complaint, Deputy Lolling alleged that "[t]he filing and the prosecution of *each and every one of the disciplinary charges*" (emphasis added) in the Sheriff's complaint before the Merit Commission were in retaliation for his statements to the Department of Corrections employee. This allegation indicates that Deputy Lolling considered his retaliation claim as a defense to all charges; therefore, the dismissal of one charge did not release him from presenting the claim as a defense in the prior proceedings. *See Pirela*, 935 F.2d at 911–12 ("a defendant may not relitigate a defense, which was available but not raised in a prior action, by making it the basis of a claim in a subsequent action against the original plaintiff"); *Lee v. Peoria*, 685 F.2d 196, 200–01 (7th Cir.1982) (complete defense should have been raised in prior proceeding which was conclusive as to all matters which might have been raised in the litigation); *Edwards v. Quincy*, 124 Ill. App.3d 1004, 80 Ill.Dec. 142, 149, 464 N.E.2d 1125, 1132 (1984) (the failure to raise an issue which could have been raised in the prior proceeding constitutes waiver).

■ The district court also found that Deputy Lolling's retaliation claim was barred because he had a full and fair opportunity to litigate the claim in the prior

proceedings. *See Allen,* 449 U.S. at 95, 101 S.Ct. at 415; *White v. Elrod,* 816 F.2d 1172, 1175 (7th Cir.1987). Although the Merit Commission allowed Deputy Lolling to elicit testimony about Sheriff Patterson's retaliatory motive in bringing the disciplinary proceedings against him, he did not pursue the claim further or argue that the first amendment provided a defense to the charges against him. Deputy Lolling's attorney submitted an affidavit to the district court stating that Deputy Lolling had attempted to raise his retaliation claim during the administrative review proceedings in the state court but that the court refused to consider the claim because the issue was not before the court. This refusal was not unreasonable considering that neither of Deputy Lolling's complaints for administrative review had raised the claim as a defense to the charges.

Moreover, Deputy Lolling failed to appeal the state court's refusal to consider his claim within the state court system. *See White,* 816 F.2d at 1175 (appeal of Merit Commission's refusal to consider a constitutional claim should have been to the state court). He cannot argue that he was not provided a full and fair opportunity to litigate the claim where he failed to properly seek appellate review. *See Kremer,* 456 U.S. at 485, 102 S.Ct. at 1899 (a party's failure "to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy"); *Pirela,* 935 F.2d at 915.[7] The district court correctly found that Count I was res judicata.

The judgment of the district court is AFFIRMED.

---

7. *Jones v. Alton,* 757 F.2d 878 (7th Cir.1985) is distinguishable because Deputy Lolling failed to appeal within the state court system. However, the district court's statement that "[i]f the [state court] refused to consider [Deputy Lolling's] claim, his remedy was to appeal within the state system, not to file a separate federal action attempting to undermine the state court judg-

ment" is not quite accurate. Deputy Lolling filed his complaint in federal court *before* the Merit Commission proceedings were concluded and before he filed for administrative review in the state court; the district court proceedings, however, were stayed upon the defendants' motion.