72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Walter BARITSKY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-1482.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 12, 1995.
 
 Before FLAUM, A. MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1994, Walter Baritsky brought this suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq. Baritsky alleged that doctors at the Veterans Administration hospital in Tomah, Wisconsin (Tomah) committed various acts of malpractice against him. The district court dismissed the suit for failure to exhaust administrative remedies, and Baritsky appeals.
 
 
 2
 The facts are briefly as follows: on July 11, 1979, Baritsky checked into Tomah complaining that he had been suffering from "paranoid ideas." Hospital Summary, R. 9, Exhibit A. Three days later (July 14), he requested a discharge against medical advice, which was granted on July 16. Id. Baritsky alleges that the doctors at Tomah misdiagnosed him, confined him to the psychiatric ward against his will, and administered medication (Valium and Dalmane) to him without his consent.
 
 
 3
 Baritsky argues that the district court erred by dismissing his suit for failure to exhaust administrative remedies. Before a plaintiff may bring suit under the FTCA, he must present his claim "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. Sec. 2401(b). Baritsky did not present any evidence in the district court demonstrating that his claims were properly exhausted. In addition, the government submitted an affidavit from Ralph E. Anfang, the District Counsel of the Department of Veterans Affairs in Milwaukee, Wisconsin. Anfang attested that there was no record of Baritsky ever having submitted a claim to the Veterans Administration. R. 23, Anfang Affidavit p 4.
 
 
 4
 Baritsky's attachments to his appellate brief, however, indicate that he did present some claims to the Veterans Administration and the Board of Veterans Appeals. See Appellant's Brief, Exhibits B-F. These submissions might be sufficient to satisfy the exhaustion requirement.[1] Thus, although the district court made the proper determination based on the evidence before it, it is possible that Baritsky has indeed exhausted his administrative remedies. Ordinarily, this would not present a problem. When faced with an FTCA plaintiff who has not demonstrated that he has exhausted his administrative remedies, the district court should dismiss the suit without prejudice. See, e.g., Sullivan v. United States, 21 F.3d 198, 206 (7th Cir.), cert. denied, 115 S.Ct. 670 (1994). This allows the plaintiff to refile his suit once he can prove that he has exhausted his administrative remedies. In this case, however, the district court dismissed Baritsky's suit with prejudice for failure to exhaust. This was improper. The suit should have been dismissed without prejudice, which would allow Baritsky to re-file his suit in the district court, this time attaching evidence that he had exhausted.
 
 
 5
 Still, we may affirm the district court's dismissal with prejudice on any alternative ground that finds support in the record. Sanders v. Venture Stores, Inc., 56 F.3d 771, 773 (7th Cir.1995). In its motion to dismiss, the United States argued that Baritsky's suit is barred by res judicata. Baritsky raised his claims in two previous lawsuits: one filed in 1981 and another filed in 1988. The district court dismissed the 1981 suit for failure to exhaust (this dismissal was apparently with prejudice as well) and dismissed the 1988 suit as barred by res judicata (relying on the 1981 decision). The dismissal of the 1981 suit for failure to exhaust probably should have been without prejudice (see supra ), which would have prevented the judgment from having any res judicata effect in the 1988 suit. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) (Dismissal without prejudice is not a judgment on the merits, so it "does not have a res judicata effect."). If Baritsky wished to challenge the 1981 and 1988 decisions, however, he should have done so on direct appeal. Because Baritsky failed to have the 1981 and 1988 decisions overturned on direct review, the dismissals with prejudice are now final and must be accorded full res judicata effect. See Lim v. Central DuPage Hospital, 972 F.2d 758, 763-64 (7th Cir.1992), cert. denied, 113 S.Ct. 1586 (1993); Lolling v. Patterson, 966 F.2d 230, 235-36 (7th Cir.1992). Baritsky may not collaterally attack these prior decisions by filing a new suit. Cf. Celotex Corp. v. Edwards, 115 S.Ct. 1493, 1501 (1995). Thus, Baritsky's current suit is barred by res judicata. Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The Board of Veterans Appeals apparently construed Baritsky's complaints as a request for benefits under 38 U.S.C. Sec. 351 (repealed and replaced by 38 U.S.C. Sec. 1151) rather than as a tort suit. The claim that Baritsky submitted to the Veterans Administration, however, includes the same allegations of malpractice that he raises in this suit and does not mention Sec. 351. See Appellant's Brief, Exhibit F