John A. **BALCERZAK** and Joseph T. **Gabrish,** Plaintiffs,

v.

**CHIEF OF THE MILWAUKEE POLICE DEPARTMENT, and Board of Fire and Police Commissioners of the City of Milwaukee, Defendants.**

No. Civ. A. 95–C–749.

United States District Court, E.D. Wisconsin.

Feb. 13, 1998.

John F. Fuchs, Fuchs, Finn, Snow & O'Connell, Wauwatosa, WI, for Plaintiffs.

Rudolph M. Konrad, Deputy City Attorney, Milwaukee, WI, for Defendants.

## DECISION AND ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE ACTION

REYNOLDS, District Judge.

The plaintiffs are Milwaukee police officers who were subjected to discipline for their handling of an encounter with the now infamous Jeffery Dahmer and one of Dahmer's eventual victims, Konerak Sinthasomphone. On October 10, 1997, this court dismissed a variety of claims and defendants. What remains are claims that the Chief of Police ("Chief") singled out the plaintiffs for discipline because of their race, and that the Board of Fire and Police Commissioners of the City of Milwaukee ("the Board") discharged the plaintiffs for the same, impermissible reason, all in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Before the court is the defendants' motion for summary judgment as to both claims. The sole ground is that these claims are barred by res judicata, now known as claim preclusion. Specifically, the defendants allege that the plaintiffs could have litigated these Equal Protection issues in the state court proceedings by which the plaintiffs successfully challenged their dismissals. The defendants are correct and entitled to summary judgment and the dismissal of this action.

## FACTUAL BACKGROUND

On August 1, 1991, the Chief filed a series of administrative charges against the plaintiffs. On September 6, 1991, the Chief discharged the plaintiffs.[1] The plaintiffs appealed this action to the defendant Board of Police and Fire Commissioners under Wis. Stat. § 62.50(13). In what amounted to a plea bargain between the plaintiffs and the Chief, the plaintiffs pled guilty to a single rule violation and the Chief dropped the remaining charges. The plaintiffs were under the impression that this bargain limited their penalty to sixty-day suspensions. Nonetheless, the Board upheld the plaintiffs' termination.

The plaintiffs launched a two-prong attack on this disposition in state court. First, they filed a statutory appeal of the Board's action in the Circuit Court of Milwaukee County, pursuant to Wis. Stat. § 62.50(20). Second, they filed a complaint against the Board for review by common-law writ of certiorari in the same court. Two bases of this second litigation were that the Board had denied the plaintiffs due process and that the police department rule at issue was void for vagueness.

Reserve Judge Robert J. Parins consolidated and presided over both actions. In the statutory appeal under § 62.50(20), Judge Parins found that the plaintiffs' terminations were unreasonable, and remanded the matter to the Board for reconsideration of the appropriate penalty which the Judge "suggested" would not exceed sixty-day suspensions. On remand, the Board ordered the plaintiffs suspended for sixty days. After remand, the court dismissed the suit for review by certiorari holding that "no Constitutional issues remain after the Board accepted this Court's recommendation on penalty.... Plaintiffs received exactly the bargain they sought with the alleged plea agreement." (Sept. 12, 1996 Decision at 3, appended as Ex. 7 to Konrad Aff.)

## SUMMARY JUDGMENT STANDARD

The court must grant a motion for summary judgment if the pleadings, depositions,

---

1. In the court's earlier decision, published at 980 F.Supp. 983, it stated that the Chief had "suspended" the plaintiffs. So as to avoid any confusion, it should be noted that they were in fact discharged. The difference is merely semantic, however, because the Chief, as discussed infra, is not the final word in terminating officers under his command.

answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In this case, however, the facts are undisputed and all that remains are questions of law.

## DISCUSSION

■ Under the full faith and credit statute, 28 U.S.C. § 1738, this court is required to afford a state court judgment the same preclusive effect in a § 1983 action as would the courts of the state in which the judgment was obtained. *Migra v. Warren City School Dist.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Therefore, this court must determine whether Wisconsin's law of claim preclusion bars the plaintiffs' claims in this forum.

■ Under Wisconsin's claim-preclusion jurisprudence, a final judgment bars the parties or their privies from subsequently litigating matters which were raised or could have been raised in the first litigation. *Northern States Power v. Bugher*, 189 Wis.2d 541, 525 N.W.2d 723 (1995). Here, the nature of the state proceedings creates a question about whether the Chief was a party to those proceedings or in privity with the Board, which, it is undisputed, was a party. The Chief was a party to the administrative phase, litigated before the Board. He served as a quasi-prosecutor, attempting to build a case for the plaintiffs' discharge. The Board, for its part, was a party to the state court litigation after it affirmed the Chief's recommendation of discharge and found itself sued, in several separate actions, by the plaintiffs.

■ Intuitively, it seems clear that in all meaningful ways, at the time the plaintiffs' discipline was litigated in state court, the Chief, who is currently being sued in his official capacity, and the Board possessed identical interests, i.e., responsibility for police department discipline and an administra-

tive judgment to terminate the plaintiffs. Indeed, a suit against a government official is essentially a suit against the government. *See Beard v. O'Neal*, 728 F.2d 894, 897 (7th Cir.1984). Therefore, a city official sued in his official capacity is generally in privity with the municipality for the purposes of claim preclusion. *Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir.1988) (*citing Lee v. City of Peoria*, 685 F.2d 196, 199–200 n. 4 (7th Cir.1982)).

The facts of the case at bar illustrate the good sense of this legalism. At base, the plaintiffs were tenured governmental employees. As such they were entitled to procedures amounting to due process with regard to certain disciplinary actions. The entity that sought to discipline them was their employer, the municipal government of the City of Milwaukee. The "government," of course, is an abstraction, given flesh only by those officials to whom the various tasks of government are delegated. Here, City government acted through both the Chief and the Board. Indeed, the record is clear that the Chief and the Board were of one mind: that the plaintiffs ought to be terminated. The fact that the government appeared in the form of the Board in defending this decision in state court is a distinction without a difference for the purposes of claim preclusion. The defendants were in privity.[2]

■ Because the plaintiffs could have raised their Equal Protection defense in the state administrative and court litigation, they may not now pursue this suit in federal court. The parties haggle over whether the reviewing court, Judge Parins, could address an Equal Protection claim. This dispute skips a step; what Judge Parins would review was dictated, in large measure, by the arguments raised and evidence proffered in the proceedings before the Board. There, the plaintiffs could have raised the defense that they were being prosecuted not for misfeasance, but because they were White. The plaintiffs did not do so—they pled guilty.[3] Ultimately, the

---

2. An alternative way of reasoning this out would be to posit the Chief's status as a party to the administrative proceedings as sufficient to find him a party to the "first litigation."

3. It should be noted that the plaintiffs did submit to the Board evidence related to more than twen-

ty other Milwaukee Police Department disciplinary proceedings, the type of evidence that would have been necessary to prove an Equal Protection claim. The arguments that were addressed to this evidence, however, are not made clear by the parties.

Board's actions led the plaintiffs to believe that the plea bargain had been breached.

In *Pirela v. North Aurora*, 935 F.2d 909 (7th Cir.1991), a plaintiff police officer was barred from bringing a Title VII suit for discriminatory termination for just this reason—failing to assert the same core of allegations as a defense in his termination proceedings. The Seventh Circuit conducted what is known as a transactional claim preclusion analysis:

> Both of Pirela's claims arose out of the same operative facts: Pirela's misconduct and the NAPD's procedures relating to suspension and termination. Because his Title VII and § 1981 claims in this litigation, as well as the possible defense he had in the state proceedings, concern this single procedural scenario, Pirela's action is barred by the transactional approach.

*Id.* at 912. While *Pirela* involved Illinois law, the transactional analysis also controls in Wisconsin. *See Northern States Power Co. v. Bugher*, 189 Wis.2d 541, 525 N.W.2d 723, 728 (1995) (applying transactional test). In *Pirela*, the plaintiff was barred from bringing a race and national origin discrimination claim based on facts which would have formed a defense in his disciplinary proceedings. *Pirela*, 935 F.2d at 912. *Lolling v. Patterson*, 966 F.2d 230 (7th Cir.1992), likewise barred a plaintiff-sheriff's deputy from framing what could have been a defense to administrative disciplinary charges in state proceedings as a federal civil rights claim. In *Lolling*, the barred claim asserted that the Sheriff had instituted disciplinary proceedings in retaliation for the plaintiff's exercise of First Amendment rights. In both *Lolling* and *Pirela*, state court judgments in litigation reviewing administrative disciplinary action precluded federal claims that could have formed defenses in the disciplinary proceedings. There is no principled manner in distinguishing the case at bar.

The scope of the Wisconsin court's review of Board action can only be ascertained in light of what issues were raised for review. The two suits the plaintiff instituted in Wisconsin state court—both aimed at upsetting the Board's decision—invoked different types of review. *See generally Kaczkowski v. Board of Fire and Police Commrs., of City of Milwaukee*, 33 Wis.2d 488, 148 N.W.2d 44 (1967). The first suit, review of the Board's decision under Wis. Stat. § 62.50(20) and (21), requires a state circuit court to determine whether the Board's decision was reasonable under the evidence presented. A court conducting a review under this statute may remand to the Board for further evidentiary development. A suit for review by writ of certiorari may address (1) whether the Board acted within its jurisdiction, (2) whether the Board proceeded on a correct theory of law, and (3) whether the Board's action was arbitrary, oppressive, or unreasonable under the evidence, and represented its will rather than its judgment. *Owens v. Board of Police and Fire Comm'rs of Beloit,* 122 Wis.2d 449, 362 N.W.2d 171 (Ct.App.1984).

At the outset, these propositions establish that what the circuit court reviews will be dictated by the issues raised and the evidence presented during the administrative phase. Both mechanisms provide for review of federal Constitutional issues raised as a defense in proceedings before the Board. *Slawinski v. Milwaukee City Fire and Police Comm'n*, 212 Wis.2d 777, 569 N.W.2d 740 (Ct.App.1997) (discussing statutory review); *Kalt v. Board of Fire and Police Comm'rs for the City of Milwaukee*, 145 Wis.2d 504, 427 N.W.2d 408 (Ct.App.1988) (writ of certiorari). Finally, both of the plaintiffs' state court suits were disposed of on the merits, attended by decisions examining the record and establishing legal conclusions.

While *Slawinski* and *Kalt* reviewed claims under the rubric of due process, this does not suggest an inability to reach an Equal Protection issue properly raised as a defense to the administrative charges. This is especially true because Wisconsin courts have reviewed disciplined police officers' claims of a biased Board. *Reedy v. Law Enforcement Disciplinary Comm. of Stanley, Wis.*, 156 Wis.2d 600, 457 N.W.2d 505, 508–09 (Ct.App. 1990). While in *Reedy* the bias was not of a racial nature, the case demonstrates that the plaintiffs at bar could have proffered race bias—on either or both the Chief's and/or the Board's part—as a defense. *Pirela* and *Lolling*, supra, confirm that, having failed to raise the defense in the state proceedings, the plaintiffs are precluded from doing so

here. *See also Krison v. Nehls,* 767 F.2d 344, 349 (7th Cir.1985) (opportunity to raise Constitutional issue under Wisconsin's certiorari satisfies due process).

The application of claim preclusion in this case is not merely a bloodless exercise in legal analysis. It brings to a just conclusion a long and arduous battle. As police officers, the United States Constitution and the laws of Wisconsin guarantee the plaintiffs due process; process by which they may fairly try to prove that they are not guilty of the rule infractions alleged. They in fact pled guilty to one such infraction. When this plea bargain went, in their eyes, awry, they pursued a series of administrative hearings and lawsuits. Ultimately, they prevailed in getting their jobs back and receiving, to quote Judge Parins, "exactly the bargain" they had expected under the plea agreement.

These plaintiffs would now like to wield what may have been a shield during disciplinary hearings as a sword in this civil rights suit. However, the fact that the plaintiffs prevailed in the state court makes the instant suit akin to flogging a long-dead horse. All legal disputes must eventually come to an end. The plaintiffs had a full and fair chance to argue their side of this dispute; they are not entitled to a second chance in federal court. This court subscribes to and adopts Judge Parins' closing remarks in his decision of September 12, 1996: "The Court is satisfied that the rights of the Parties ... will be infinitely better served not by prolonging the agony of the disciplinary proceedings but by terminating them here and now." (Konrad Aff. in Support of Summ. J., Ex. 7.)

### CONCLUSION

The defendants Chief of the Milwaukee Police Department and Board of Fire and Police Commissioners' motion for summary judgment is **GRANTED.**

This action is **DISMISSED.**