**Shawn Eric WALKER, Appellant,**

v.

**John W. LAWSON, Appellee.**

No. 49S02–8808–CV–714.

Supreme Court of Indiana.

Aug. 4, 1988.

Stephen Gerald Gray, Indianapolis, for appellant.

Charles F. Cremer, Jr., Robert G. Zeigler, Cremer & Hobbs, Indianapolis, for appellee.

ON CIVIL PETITION FOR TRANSFER

GIVAN, Justice.

In an opinion published in 514 N.E. 2d 629, the Court of Appeals reversed the trial court's grant of summary judgment in favor of appellee John W. Lawson. We agree with the Court of Appeals that an action will lie by a beneficiary under a will against the attorney who drafted that will on the basis that the beneficiary is a known third party.

However, we disagree with the Court of Appeals' decision that there was a question of fact to be determined concerning the competency of the appellee in the drafting of a will as opposed to other alleged alternatives to accomplish the purpose of preserving the testator's entire estate for her minor children.

Appellant is one of the decedent's two children who were beneficiaries under her will. The facts show that in the spring of 1980 Sybille Willard, the decedent in this case, learned that she had cancer and approached Lawson for legal advice as to the disposition of her estate. At that time, she was married to Thomas Willard, a second, childless spouse. Sybille's two sons were by her first husband. The bulk of her estate consisted of a single-family residence located in Marion County, Indiana, which she had obtained by the use of life insurance proceeds received upon the death of her first husband. She indicated to Lawson that she wished to leave her entire estate to her two minor sons.

It is alleged that Lawson failed to advise Sybille that Thomas could elect to take against the will and receive a statu-

tory share of one-third of the net personal estate of Sybille plus a life estate in one-third of her real estate. Lawson denies the allegation that he failed to properly advise Sybille. Whether such advice was given or not is of no moment. Under the law, Lawson's action was limited.

A will was prepared providing that the entire estate pass in trust for the benefit of Sybille's two sons. The will contained a clause indicating that Thomas was purposely omitted from any devise as he would be benefiting from the residence during her lifetime and would be allowed to occupy the residence as the guardian of her two sons. Sybille died on October 28, 1980, and the will was properly probated. However, following probation of the will, Lawson prepared a document by which Thomas elected to take against the will and receive his statutory share under Ind.Code § 29-1-3-1.

As we view the case, at the time Sybille came to Lawson, she was aware of the fact that she had cancer and in fact she did die within the year. There could be little doubt but that the conversation between Lawson and Sybille addressed the dilemma of how she was to dispose of her estate in contemplation of death.

Appellant claims that Lawson chose the worst possible alternative, under the circumstances, in suggesting and drafting a will. He contends Lawson should have in fact either created a trust similar to the trust in *Leazenby v. Clinton County Bank and Trust Co.* (1976), 171 Ind.App. 243, 355 N.E.2d 861 or should have established a joint tenancy among Sybille and her two sons. However, Lawson was faced with the established law that a spouse cannot by gifts in contemplation of death deprive a surviving spouse of his or her statutory share in the estate. *Crawfordsville Trust Co. v. Ramsey* (1913), 55 Ind.App. 40, 100 N.E. 1049, reh'g denied, 55 Ind.App. 75, 102 N.E. 282. Lawson was also faced with the existing case law holding that the statute, Ind.Code § 29-1-3-1, is designed to make it impossible for a spouse to deprive the surviving spouse of a full one-third of the property. *Haas v. Haas* (1951), 121 Ind.

App. 335, 96 N.E.2d 116, reh'g denied, 121 Ind.App. 335, 98 N.E.2d 232.

It is true that in *Leazenby, supra* the Court of Appeals held that an *inter vivos* trust established by a wife successfully transferred her property and thus removed it from her estate in effect defeating her husband's interests under Ind.Code § 29-1-3-1. However, the facts in *Leazenby* are entirely different than the facts in the case at bar. In *Leazenby*, the Court of Appeals recognized that a transfer solely for the purpose of defeating the spouse's statutory share is void. However, the Court of Appeals went on to find that Mrs. Leazenby and her husband had maintained their separate properties and that she had gone to the bank to establish a trust for the purpose of obtaining aid in the handling of her affairs. As time went on, she was confined to a nursing home and her separate funds were used to pay for the nursing home care through the trustee. The court observed that it was obvious her husband knew of this situation and acceded to it. There is no indication in *Leazenby* that it was the settlor's intent to use the device of a trust to defeat her husband's statutory share in her estate. She had merely conveyed a portion of her estate during her lifetime, which she had every right to do. *See* Ind.Code § 31-7-10-2.

In the case at bar, Lawson was faced with an entirely different situation. Sybille had not come to him to establish a trust to facilitate the handling of her affairs but had come for the stated purpose of depriving her husband of any interest in her estate. Thus Lawson was squarely faced with the law enunciated in *Crawfordsville, supra*. The other alternative of establishing a joint tenancy among Sybille and her sons was equally flawed and would have been considered a transfer in contemplation of death and thus treated as a testamentary instrument subject to Ind.Code § 29-1-3-1. *See Stroup v. Stroup, et al.* (1894), 140 Ind. 179, 39 N.E. 864; 2B *Henry's Probate Law and Practice* § 22, at 92 (J. Grimes 7th ed. 1979).

It is the judgment of this Court that the trial court did not err in concluding that

there was no genuine issue of material fact and that Lawson was entitled to a judgment as a matter of law.

Appellant claims that in view of the fact that each side had submitted affidavits by attorneys voicing their opinions as to the validity of *inter vivos* trusts designed to benefit the settlor's children, there was therefore an issue of fact foreclosing the rendering of a summary judgment. However, appellant is mistaken in this view. The statements by the lawyers clearly concern legal issues and not factual issues. It is inappropriate for a court to entertain evidence concerning a witness's interpretation of the law. The presence of these affidavits does not create a genuine issue of material fact; thus, it does not preclude the issuance of summary judgment. *See, e.g., McMahan v. Snap On Tool Corporation* (1985), Ind.App., 478 N.E.2d 116.

Appellant claims it was improper for Lawson to prepare the document used by Thomas to make his election against the will. Although the first impression of this act gives the appearance of an impropriety, it did not in fact constitute any breach of trust nor was it a position contrary to the service Lawson had performed in drafting the will. The will was properly drafted and properly probated. Although the will contained a statement obviously calculated to persuade the husband not to elect to take against the will, he nevertheless had that statutory right and the exercise of that right did not constitute any legal wrong.

In drafting the document, Lawson was in no way invalidating the will he had drafted. The document was a simple statutory election not subject to litigation. It was immaterial whether it was drafted by Lawson or someone else. Presentation of the document required no advocacy on Lawson's part, and no representation on behalf of the decedent's surviving sons could have prevented such election. We therefore hold that Lawson committed no actionable wrong in preparing the document.

The opinion of the Court of Appeals is set aside and the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

The Court of Appeals, in concluding that summary judgment was inappropriate, considered that defendant lawyer did not tell his client, Sybille Willard, that she could give her entire estate to her children by getting her husband to waive his right to elect to take against her written will, under Ind.Code § 29-1-3-6, or by getting him to waive his intestate share under Ind.Code § 29-1-2-13. Obviously this is a common situation which has received express legislative treatment, and in my opinion it would be a breach of legal duty for a lawyer, finding a client in that very situation, to fail to explore the possibility of using the statutes. It may be that the defendant lawyer's failure to talk about this and other possible strategies produced no injury to the plaintiff beneficiaries. However, there is a reasonable possibility that armed with the knowledge that the statutes provided a legal and certain means of accomplishing her objective, she would have confronted her husband and he would have agreed at that point with her plan. Consequently, I would remand for trial as did the Court of Appeals.

I do however agree with the main legal point made by the majority opinion, namely that the breach of duty by an attorney in drafting a will for a client, can form the basis for a claim by known beneficiaries who suffer injury as a consequence of that breach of duty. The statute of limitation begins to run upon that claim on the date of death of the testator. *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281.