**Carol HERMANN, Appellant**
**(Plaintiff Below),**

v.

**Eric FREY, Appellee**
**(Defendant Below).**

No. 61A04–8806–CV–213.

Court of Appeals of Indiana,
Fourth District.

May 2, 1989.

Randall R. Fearnow, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Phillip I. Adler, Anderson & Adler, Terre Haute, for appellee.

CONOVER, Presiding Judge.

Plaintiff-appellant Carol Hermann (Carol) appeals the trial court's entry of summary judgment in favor of attorney Eric Frey (Frey) in this legal malpractice action.

We reverse.

The following issue is dispositive:

whether an attorney is subject to a professional malpractice action by a known third party beneficiary who is not his client.

Carol retained Frey to represent the estate of her late husband for the purpose of bringing a medical malpractice action against a hospital and two doctors. Frey opened an estate for that purpose, the probate court appointed Carol administratrix of the estate,[1] and a complaint was filed with the Insurance Commissioner. The medical review panel determined one of the physicians had not been negligent, and Frey failed to name him as a defendant in the medical malpractice action he later filed against the other health care providers. The trial resulted in a verdict for the defendants.

Thereafter, Carol filed a malpractice action against Frey individually and not as administratrix of the estate, alleging Frey had "failed to exercise the requisite degree of ordinary care, skill and diligence required of a lawyer ..." in representing her late husband's estate because he failed to join the physician exonerated by the medical review panel in the medical malpractice action. She claimed she had suffered damages because of Frey's alleged malpractice. Carol was the sole beneficiary of her late husband's estate.

Frey filed a motion for summary judgment claiming Carol could not file an action against him in her individual capacity. The estate was his client, not Carol, he argued. The trial court granted Frey's motion for summary judgment finding

2. That this action was commenced by plaintiff, individually, against the defendant, and the court finds that the defendant was not engaged to act on behalf of plaintiff individually but, rather that he acted on behalf of a special administratrix appointed for the sole purpose of obtaining remedies for the alleged wrongful death of plaintiff's decedent. The Court further finds that plaintiff in her argument before this Court, has admitted that defendant did not represent plaintiff individually.

Carol appeals.

Carol contends she was the real party in interest in this action because she (1) was her husband's only surviving heir at law, (2) made the representation agreement with Frey, and (3) was to be advised by Frey regarding litigation strategy. These facts establish Frey owed her a duty, she argues.

To the contrary, Frey claims he was retained to act as attorney for the estate, not Carol individually. Frey asserts this action cannot be maintained by Carol because he did not owe a duty to her, citing *Vollmar by Vollmar v. Rupright* (1988), Ind.App., 517 N.E.2d 1240, 1243. We disagree.

In the first instance, *Vollmar, supra,* is distinguishable. In *Vollmar, supra,* rela-

1. See IND.CODE 34–1–1–2.

tives of the decedent contested the contingent fee arrangement made by the personal representative of the estate. The court held the contingent fee arrangement could not be challenged because the relatives were not parties to the action, even though they had an interest in the result. The personal representative must have the authority to employ an attorney because he is the only individual authorized to pursue a wrongful death claim. *Id.* *Vollmar, supra,* is a case concerning the powers of a personal representative in a wrongful death action. In contrast, the issue here is whether Frey, the attorney for the decedent's estate, owed a duty to Carol as an individual to use reasonable care in the prosecution of the estate's wrongful death action.

A majority of American courts continue to adhere to the view expressed in a 109–year–old Supreme Court decision which holds absent fraud, collusion, or privity of contract, an attorney is not liable to a third party for professional negligence.[2] *National Savings Bank v. Ward,* 100 U.S. 195, 25 L.Ed. 621 (1880). There it was held an attorney who negligently prepared a title opinion would not be liable to a nonclient who suffered financial loss because the nonclient relied on the title opinion. The *Ward* court said

> Where there is fraud or collusion, the party will be held liable, even though there is no privity of contract; but where there is neither fraud nor collusion nor privity of contract, the party will not be held liable, unless the act is one imminently dangerous to the lives of others,

or is an act performed in pursuance of some legal duty.

*Id.* 100 U.S. at 205–206.

However, this strict privity requirement is eroding. A growing number of jurisdictions now bypass it by employing either (1) a third party beneficiary theory, or (2) a balancing of factors test.[3] The trend is to reject the strict privity requirement. See generally, Annot., 45 A.L.R.3d 1181.

In general terms, a third party beneficiary contract arises when two parties enter into an agreement with the intent to confer a direct benefit on a third party, allowing the third party to sue on the contract despite the lack of privity.[4] *Flaherty v. Weinberg* (1985), 303 Md. 116, 492 A.2d 618, 622.

■ Privity is no longer a requirement in suits against attorneys by third party beneficiaries, see *Walker v. Lawson* (1988), Ind., 526 N.E.2d 968. There, it agreed with the Court of Appeals a malpractice action will lie against the negligent drafter of a will by a known third party beneficiary. *Walker, supra,* at 968, adopting in part, *Walker v. Lawson* (1987), Ind.App., 514 N.E.2d 629, 632–633 (vacated on other grounds). We find the principles announced in *Walker* controlling here.

■ Carol meets the qualifications for a known third party in this regard: (1) she was her late husband's only surviving heir at law, (2) she had retained Frey to represent her husband's estate, and (3) was entitled to his professional advice and counsel while prosecuting the estate's medical malpractice action as its administratrix. Thus, Carol has a justiciable cause of action against Frey.[5]

**2.** See generally *Berry v. Dodson, Nunley & Taylor, P.C.* (1986), Tx.App., 717 S.W.2d 716; *Lilyhorn v. Dier* (1983), 214 Neb. 728, 335 N.W.2d 554; *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 462 N.E.2d 158.

**3.** *Baer v. Broder* (1981), 106 Misc.2d 929, 436 N.Y.S.2d 693, a balancing of factors case, is factually indistinguishable from the case at bar. Other's, accepted to a lesser extent, include the assumption of duty and fiduciary or agency theories. See Note, *Attorneys' Negligence and Third Parties,* 54 N.Y.U.L.Rev. 126, 138–45 (1982), Note, *The Pelham Decision, Attorney Malpractice and Third–Party Nonclient Recov-*

*ery: The Rise and Fall of Privity,* 3 N.Ill.U.L.Rev. 357 (1983).

**4.** Several jurisdictions, have adopted this approach. *See, e.g., Ogle v. Fuiten,* (1984), 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224; *York v. Stiefel,* (1984), 99 Ill.2d 312, 76 Ill.Dec. 88, 458 N.E.2d 488; *Pelham v. Griesheimer,* (1982), 92 Ill.2d 13, 64 Ill.Dec. 544, 440 N.E.2d 96; *Guy v. Liederbach,* (1983), 501 Pa. 47, 459 A.2d 744.

**5.** The issue of whether Frey's failure to join the exonerated doctor in the medical malpractice action constitutes professional negligence is not

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and CHEZEM, JJ., concur.

before us, nor should this opinion be construed        as speaking to that subject.