### In re DEVINE'S MOVING SERVICE INC., a Nevada Corporation, Debtor.

No. CV–N–90–229–ECR.
Bankruptcy No. BK–N–89–00236–JHT.

United States District Court,
D. Nevada.

May 18, 1990.

John White, Reno, Nev., for debtor.

No appearance by U.S.

EDWARD C. REED, Jr., Chief Judge.

Debtor seeks an order by this Court pursuant to bankruptcy rule 8005 to stay the bankruptcy court's order of conversion pending appeal. This Court, however, need not consider the merits of debtor's Motion for Stay because such motion is improvidently before this Court. On May 8, 1990, debtor appealed to the bankruptcy appellate panel the bankruptcy court's order converting the underlying case to Chapter 7 status. On that same date, debtor filed with the bankruptcy appellate panel a Motion for Stay Pending Appeal. The unsecured creditors' committee filed an Opposition on May 11, 1990. Debtor then filed a Reply on or about May 14, 1990. In the afternoon of May 16, 1990, counsel for the debtor was informed by the bankruptcy appellate panel that debtor's Motion for Stay had been denied. Consequently, on May 17, 1990, debtor filed an Amended Notice of Appeal whereby debtor purportedly appealed the case to this Court. On the same date, debtor filed an Objection to Reference of the appeal to the bankruptcy appellate panel.

There is no provision in either the Bankruptcy Rules or Local Rules of Practice for a party's amending an appeal in order to change the court before which he

or she wishes the appeal to be heard. Bankruptcy Rule 8002(a) allows any *other* party besides the party filing the appeal to file his or her own notice of appeal. Rule 8002(a) does not provide for amendment of a party's own notice of appeal. Furthermore, while Local Rule of Practice 980–1(e) allows for a party to file an objection to the bankruptcy appellate panel's hearing the appeal, this Court interprets that rule to mean a party that has not already consented to the bankruptcy appellate panel's hearing the appeal may object. It appears that debtor has consented to the jurisdiction of the bankruptcy appellate panel by fully arguing his Motion for Stay before that court.

In any event, even if debtor had not consented to the jurisdiction of the bankruptcy appellate panel, and therefore, had properly amended his appeal so that it was providently before this Court, debtor's Motion for Stay Pending Appeal would be barred by *res judicata*. Debtor's Motion has already been decided by the bankruptcy appellate panel, and debtor may, if he wishes, appeal the decision of the bankruptcy appellate panel to the Court of Appeals for the Ninth Circuit.

IT IS, THEREFORE, HEREBY ORDERED that debtor's Motion for Stay Pending Appeal (# 1) is DENIED.