**George WADE and Joyce Wade, Plaintiffs–Appellants,**

v.

**Edward B. HOPPER, II, et al., Defendants–Appellees.**

No. 91–3892.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 1992.

Decided Feb. 17, 1993 *.

Opinion Published May 20, 1993.

---

* This case was originally decided by unpublished order under Circuit Rule 53. The court, upon request, issues this decision as an opinion.

Mark Garringer, Indianapolis, IN, for plaintiffs-appellants.

Michael C. Terrell, Edward W. Harris, III, Sommer & Barnard, Indianapolis, IN, for Edward B. Hopper, II.

Leonard Opperman, Bose, McKinney & Evans, Indianapolis, IN, for Hopper & Opperman.

E. Davis Coots, Jeffrey S. Zipes, Coots, Henke & Wheeler, Carmel, IN, Gary L. Hostetler, James S. Kowalik, Hostetler & Kowalik, Indianapolis, IN, for Hostetler & Kowalik.

Judy Woods, McTurnan & Turner, Indianapolis, IN, for Merchants Nat. Bank & Trust Co. of Indianapolis.

Before RIPPLE and KANNE, Circuit Judges, and WILLIAMS, District Judge.**

PER CURIAM.

This appeal reaches us after extensive litigation in both the bankruptcy and district courts. The Wades brought suit against several parties to redress alleged wrongs suffered by them as a result of their corporation's voluntary bankruptcy petition. The Wades are the principal owners and officers of Wade Trucking, Inc. The defendants include former bankruptcy trustee (Edward Hopper II), attorneys hired by Hopper as bankruptcy trustee (Hopper & Opperman and Hostetler & Kowalik), and Wade Trucking's primary secured creditor (Merchants Bank and Trust). The plaintiffs' primary complaint is that the defendants looted Wade Trucking's bankruptcy estate, injuring the Wades. The remainder of the plaintiffs' complaints all stem from the bankruptcy proceedings.

A review of the procedural history of this case is relevant. On January 20, 1988, the plaintiffs filed a three-count complaint. After defendants moved to dismiss, the district court permitted the Wades to file an amended complaint on May 5, 1988. On September 1, 1988, the plaintiffs were permitted to join Merchants Bank as a defendant. On September 6, 1988, the plaintiffs filed a second amended complaint. Count One asserts various constitutional tort claims against Edward Hopper II and Gordon Smith pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Count Two asserts a RICO claim against Hopper, Smith and Merchants. Count Three asserts attorney malpractice claims against all current defendants except Hopper and Merchants.[1]

Prior to December 6, 1988, all defendants save one had filed and briefed motions to dismiss.[2] On December 6, plaintiffs again sought leave to amend their complaint, as well as to join Wade Trucking as a plaintiff, and Charles Kilby and Timothy J. Woods as defendants. Before the district court could rule, the plaintiffs sought to amend their complaint yet again on December 13. The district court stayed proceedings on December 16, 1988, and later modified the stay on January 10, 1989. On October 12, 1989, the plaintiffs filed another motion for leave to amend, claiming new evidence supported their RICO claim. Not surprisingly, the defendants objected. The district court permitted the plaintiffs to file a proposed amended complaint and instructed the defendants to file their objections.

On May 30, 1991, the district court denied plaintiffs' motion for leave to amend and held that the second amended complaint governed the case. The court also denied plaintiffs' motion for joinder. Finally, the court dismissed all but one of the plaintiffs' claims for failure to state a claim for which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6). As for the remaining claim, the court granted summary judgment for defendant Hopper. Plaintiffs filed a timely appeal which challenges virtually every ruling made by the district court. We address each challenge in turn.[3]

*Leave to Amend/Joinder*

Plaintiffs strenuously argue that the district court erred in refusing to permit them to file their proposed complaint. "[G]ranting or denying a motion for leave is a matter purely within the sound discretion of the district court." *J.D. Marshall International v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir.1991) (citation omitted). We will only reverse the trial court's decision if it denied leave to amend without any justification. *Id.* The district court had more than ample reason for denying plaintiffs' leave to amend.

---

** The Honorable Ann Claire Williams, District Judge for the Northern District of Illinois, is sitting by designation.

1. The plaintiffs' claims against Gordon Smith are not at issue in this appeal.

2. The last defendant filed its motion to dismiss on December 12, 1988.

3. Appellee Hopper's motion to strike Appellants' Addendum and all references thereto contained in the Reply Brief is denied.

The district court clearly enumerated its reasons for the denial. First, the proposed complaint failed to comply with FED.R.CIV.P. 8(a), which requires a short and plain statement of the claim. The district court concluded that the fifty-two page rambling and confusing complaint "embodie[d] virtually every conceivable element of poor pleading" and thus was subject to dismissal. After reviewing the proposed complaint, we agree that the complaint did not constitute a short and plain statement.

Plaintiffs argue that RICO claims are complicated and thus likely to be more lengthy. We agree with the plaintiffs' assertion; however, the complaint's length is not its main problem. The problem is its failure to *plainly* state a claim.

> RICO is a complex statute, it is true. Thus, by necessity, most RICO complaints will be somewhat complex. The necessity for complexity, however, does not give litigants license to plead by means of obfuscation. *See* FED.R.CIV.P. 8(e)(1). A RICO complaint must be presented with intelligibility sufficient "for a court or opposing party to understand whether a valid claim is alleged and if so what it is." ... For its complete failure to adduce an intelligent story, one that a court can follow without untoward effort, we are tempted to dismiss [the complaint].

*Jennings v. Emry,* 910 F.2d 1434, 1435–36 (7th Cir.1990) (citation omitted).

Although we are also tempted, we need not affirm the district court's denial of leave to amend solely on the basis of Rule 8(a). According to the Supreme Court, leave to amend is properly denied for the following reasons:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

In particular, the district court noted that the plaintiffs had been granted leave to amend twice before, despite the fact that the

defendants had fully briefed their motions to dismiss. We agree that the defendants would have been prejudiced if the plaintiffs were permitted to amend again. Moreover, after reading the proposed complaint, we also agree with the district court's conclusion that the new complaint would be futile since the plaintiffs failed to cure the defects repeatedly found in earlier complaints. Because the district court relied on solid reasoning in denying plaintiffs' leave to amend, we hold that the district court did not abuse its discretion and properly concluded that the plaintiffs' second amended complaint governed this suit.[4]

 Plaintiffs also argue that the district court erred in denying their motion to join Wade Trucking as a plaintiff. This circuit has not formally adopted a standard of review for a FED.R.CIV.P. 19 ruling. *See Perrian v. O'Grady,* 958 F.2d 192, 196 (7th Cir.1992) (refusing to decide whether *de novo* or abuse of discretion is the appropriate standard). We need not decide this question today for even under a *de novo* review, we believe the district court properly denied the plaintiffs' joinder motion. Federal Rule of Civil Procedure 19 requires the court to determine whether a party is indispensable. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968). "The test for an indispensable party is whether justice cannot be done unless it is joined." *Spartech Corp. v. Opper,* 890 F.2d 949, 954 (7th Cir. 1989). The plaintiffs' motion for joinder fails to explain how Wade Trucking is an indispensable party. The motion merely states in a conclusory manner that "joinder of the proposed plaintiff is necessary in that as a practical matter the proposed plaintiff will be impaired or impeded in protecting its rights and claims, if joinder is not granted." Simply quoting Rule 19's language is inadequate. Moreover, we fail to see how joining Wade Trucking would affect this suit at all.

Presumably the plaintiffs moved to join the trucking company out of concern that they may lack standing to seek relief on Wade Trucking's behalf. However, joinder of

---

4. The plaintiffs' contention that the district court refused leave primarily because the complaint violated FED.R.CIV.P. 12(f) is not supported by the record and does not merit discussion.

Wade Trucking will not likely solve the standing problem. Since Wade Trucking is in bankruptcy, RICO actions, among other actions, are properly brought by the trustee, not by shareholders or the debtor corporation itself. *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1343 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988). Therefore, it appears that Wade Trucking's current successor trustee is the only one with standing to bring actions for Wade Trucking's alleged injuries. *In re San Juan Hotel Corp.*, 847 F.2d 931 (1st Cir.1988) (successor trustee has standing to sue predecessor trustee); *McMerty v. Herzog*, 702 F.2d 127 (8th Cir.1983) (suit by successor trustee against former trustee).[5]

Because the plaintiffs have failed to demonstrate that Wade Trucking is an indispensable party, we affirm the district court's denial of joinder.[6]

*RICO Claim*

■ The plaintiffs contend that the district court erred in dismissing their RICO claim against defendants Hopper and Merchants. The district court dismissed the plaintiffs' RICO count on alternate grounds: lack of standing and failure to allege a "pattern of racketeering." We review a FED.R.CIV.P. 12(b)(6) dismissal *de novo. Lolling v. Patterson*, 966 F.2d 230, 233 (7th Cir.1992).

■ Given our earlier conclusions, the plaintiffs' second amended complaint governs our inquiry. In that complaint, George and Joyce Wade brought a RICO claim as individuals alleging that they "were injured in their business and their property." The district court properly concluded that they were not the proper parties to bring an action for harm done to Wade Trucking. A suit to redress a corporation's RICO injuries can only be brought by the corporation or by the shareholders in a derivative suit. *Sears v.*

*Likens*, 912 F.2d 889, 892 (7th Cir.1990) ("RICO claim is a corporate asset, not an individual one"); *Rylewicz v. Beaton Services, Ltd.*, 888 F.2d 1175, 1179 (7th Cir.1989) ("substantial" shareholder cannot maintain an action based on injury to the corporation). *See also Warren v. Manufacturers National Bank*, 759 F.2d 542, 544 (6th Cir.1985) (sole shareholder cannot bring suit for corporate injury).[7] The injury of which the Wades complain belongs to Wade Trucking and the Wades are not suing on its behalf. In addition, the Wades' second amended complaint fails to describe how they were directly and personally injured by the alleged RICO violations.

■ We also note that the Wades' RICO claim fails because their complaint did not allege a "pattern of racketeering" as required by 18 U.S.C. § 1961. As a preliminary matter, we question whether the plaintiffs' complaint complies with FED.R.CIV.P. 9(b), which requires that fraud be pleaded with particularity. "This means that the complaint must state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated.'" *Schiffels v. Kemper Financial Services, Inc.*, 978 F.2d 344, 352 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). With occasional exceptions, the plaintiffs' allegations are either conclusory or vaguely supported as to times, places, and other important factual data. *See Jennings v. Emry*, 910 F.2d at 1438 ("bare legal conclusions unsupported by sufficient factual detail" inadequate to state RICO claim).

■ Even assuming that the plaintiffs have met the requirements of FED.R.CIV.P. 9(b), they failed to allege a "pattern of racketeering" as required by the RICO statute.

---

5. This is particularly true since the Wades have not alleged that the corporation's successor trustee has refused to act on Wade Trucking's behalf. *See, e.g., In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1254 (5th Cir.1986).

6. The plaintiffs also moved to join certain defendants, claiming "new evidence." The district court concluded that the plaintiffs' "new evidence" argument was meritless. We agree that

the plaintiffs offered no justification for failing to join the proposed defendants earlier. The trial court did not err in denying joinder of these defendants.

7. Moreover, as discussed above, since Wade Trucking is in bankruptcy, the RICO claim appears to belong to the trustee rather than to Wade Trucking.

To establish the requisite pattern, the plaintiffs must allege facts which suggest " 'long-term criminal conduct', not [ ] short-lived episodes unlikely to be repeated." *Schiffels,* 978 F.2d at 353 (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 242, 109 S.Ct. 2893, 2902, 106 L.Ed.2d 195 (1989)). We must look at all the allegations to determine "whether the *threat* of continuity is demonstrated." *H.J., Inc.,* 492 U.S. at 242, 109 S.Ct. at 2902. We analyze four specific factors when determining whether a pattern exists:

> (1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries.

*United States Textiles, Inc. v. Anheuser–Busch Companies,* 911 F.2d 1261, 1266 (7th Cir.1990). *See also Hartz v. Friedman,* 919 F.2d 469 (7th Cir.1990) (plaintiff's complaint fails to allege a pattern in light of the four-factor analysis).

■ Keeping in mind our goal of a common sense result, an examination of the Wades' second amended complaint reveals that the plaintiffs have failed to allege the requisite "pattern" under the four-factor analysis. At best, the plaintiffs have alleged a single scheme directed at a single victim and resulting in a single injury. While the absence of multiple schemes or victims is not dispositive, it is instructive. *United States Textiles,* 911 F.2d at 1269. Moreover, almost all of the predicate acts the plaintiffs allege are similar, involving essentially bankruptcy fraud, and occurred in a period of less than a year. *See id.; Hartz,* 919 F.2d at 473. Therefore, we hold that the plaintiffs have failed to allege facts which suggest "the existence of a genuine threat of continued criminal activity." *Redstart,* 935 F.2d at 821.

*Bivens Claim*

Plaintiffs believe the district court erred in dismissing their constitutional tort claims against Hopper. The plaintiffs allege that Hopper's behavior provided the basis for a *Bivens* action since the defendant "improperly and illegally used the shield of the United States Bankruptcy Court" to violate the plaintiffs' constitutional rights. According to the plaintiffs, four events violated their First, Fourth and Fifth Amendment rights: (1) Hopper redirected and concealed the Wades' mail; (2) Hopper appropriated approximately $300 of the Wades' money; (3) Hopper, as bankruptcy trustee, "maliciously" filed to deny Wade Trucking's bankruptcy discharge; and (4) Hopper unreasonably searched the Wades' home.

■ The district court concluded that only the last event sufficiently stated a *Bivens* claim and dismissed the others. Our review is *de novo, Lolling,* 966 F.2d at 233, and we affirm the district court's disposition of the first three claims. The plaintiffs made no intelligible legal arguments demonstrating how these incidents rose to the level of constitutional torts compensable under *Bivens;* the only legal authorities cited by the plaintiffs were irrelevant. The district court properly concluded that only the unreasonable search claim was viable.

■ Even though it held that an unreasonable search by Hopper could provide the basis for an actionable *Bivens* claim, the district court subsequently granted summary judgment for Hopper. Needless to say, the plaintiffs believe the district court made another error in holding that their claim was barred by the principle of res judicata. We review a grant of summary judgment *de novo. Rizzo v. Caterpillar,* 914 F.2d 1003, 1006 (7th Cir.1990). We will affirm summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.*

The complaint alleged that Hopper directed Jack Fife and his wife to search the Wades' home without a warrant or notice, for the sole purpose of harassing the Wades. This incident was the subject of previous litigation. *Wade v. Fife,* No. IP88–1422–C. *Wade v. Fife* was an adversary proceeding filed August 1, 1988 [hereinafter the "adversary proceeding"]. Therefore, the question is whether there was a final judgment on the merits in the adversary proceeding which precludes the plaintiffs from relitigating issues that were or could have been litigated in that action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).

■ As an initial matter, the plaintiffs argue that the district court did not have jurisdiction to render a final judgment in the adversary proceeding for two reasons: (1) the district court was sitting as a bankruptcy court, not as a district court, and (2) the plaintiffs did not intend to submit their *Bivens* claim regarding the search to the district court in that proceeding. A single principle defeats both arguments. A party cannot challenge a court's jurisdiction in a collateral proceeding after failing to appeal the initial decision. *Lambert v. Conrad*, 536 F.2d 1183, 1185 (7th Cir.1976). *See also Disher v. Information Resources, Inc.*, 873 F.2d 136, 140 (7th Cir.1989). In the adversary proceeding, the district court concluded that it had complete authority and jurisdiction to hear the *Bivens* claim and that decision was never appealed. Consequently, we reject the plaintiffs' jurisdictional challenge and examine only whether the elements of claim preclusion are present in this case.

■ To apply res judicata, three essential elements must exist:

(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits.

*Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir.1987). It is undisputed that the Wades and Hopper were both named parties in the adversary proceeding. The adversary proceeding was dismissed pursuant to FED. R.CIV.P. 12(b)(6), which constitutes a final adjudication on the merits. *Cannon v. Loyola University of Chicago*, 784 F.2d 777, 780 (7th Cir.1986), *cert. denied*, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987). Finally, the two cases involve the same cause of action. The Wades' claim in both suits was based on the same set of operative facts and even based on the same legal theory—the *Bivens* claim. *Crop–Maker Soil Services v. Fairmount State Bank*, 881 F.2d 436, 438 (7th Cir.1989) (standard met if claims arise from the same incident or have identical theories of recovery).

Since the Wades had the opportunity to litigate the issue of the alleged unreasonable search in the earlier adversary proceeding, the district court properly granted Hopper's motion for summary judgment.

*Attorney Malpractice*

■ The district court dismissed the plaintiffs' attorney malpractice claims against Hostetler & Kowalik and Hopper & Opperman for failure to state a claim. The Wades believe this was an error. We do not agree. As noted above, we review the dismissal *de novo*. *Lolling*, 966 F.2d at 233.

According to the Indiana Supreme Court:
[a]bsent fraud, collusion, malicious or tortious conduct on the part of an attorney, the rule is [ ] well established that no liability to third parties arises from the attorney's conduct as an attorney for another.

*Meier v. Pearlman*, 401 N.E.2d 31, 40 (Ind. 1980). The plaintiffs claim that *Meier* is no longer good law, citing *Walker v. Lawson*, 526 N.E.2d 968 (Ind.1988), and *Hermann v. Frey*, 537 N.E.2d 529 (Ind.App.1989). In *Walker*, the court held that a non-client beneficiary under a will has an action against the attorney-drafter since the beneficiary is a known third party. 526 N.E.2d at 968. The court seems to have created an exception; however, it did not even mention, much less overrule, *Meier*. *Hermann* also involved a non-client beneficiary who was permitted to sue an attorney who drafted a will. *Hermann*, however, was an Court of Appeals decision which has no effect on the validity of *Meier*. Because we will not expand exceptions propounded by the Indiana Supreme Court, we conclude that the rule articulated in *Meier* governs these facts.

The plaintiffs did not allege the existence of an attorney-client relationship with these defendants, attorneys hired by the bankruptcy trustee. Neither did the Wades allege fraud, collusion, or malicious conduct in their complaint. Thus, the district court properly dismissed their attorney malpractice claims under FED.R.CIV.P. 12(b)(6).[8]

---

8. Moreover, we note that even if allegations of negligence were sufficient to state a claim, the Wades do not have standing to bring the suit. Similar to the RICO discussion above, any harm by attorney malpractice damaged Wade Trucking, not the plaintiffs. Hence, the action belongs to Wade Trucking or, more properly, the bankruptcy trustee.

*Miscellaneous Challenges*

The Wades contend that they were prejudiced by various district court discovery rulings. Their arguments are entirely without merit. The plaintiffs fail to cite any authority or make any cogent arguments to demonstrate that the district court abused its discretion, thus we hold that it did not. *See Indianapolis Colts v. Baltimore,* 775 F.2d 177, 183 (7th Cir.1985) (trial courts have broad discretion over discovery process).

Plaintiffs' argument that the district court made findings unsupported by the evidence is without merit and does not require discussion. Similarly, the Wades' contention that the district court abused its discretion by denying their motion to disqualify the judge is meritless.

Based on the foregoing analysis, the disposition of the district court is AFFIRMED in its entirety.