**In re John A. MAURICE, Debtor.**

**John F. DORNIK, Plaintiff,**

**v.**

**John A. MAURICE, Defendant.**

**Bankruptcy No. 89 B 11962.
Adv. No. 90 A 0101.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 31, 1994.

Kenneth A. Kozel, LaSalle, IL, for debtor/defendant John A. Maurice.

Gerald M. Hunter, Oglesby, IL, for plaintiff John F. Dornik.

Debbie D. Stassen, Office of Craig Phelps, Chapter 13 Trustee, Chicago, IL, for Craig Phelps, Chapter 13 Trustee.

## *MEMORANDUM OPINION*

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of John A. Maurice (the "Debtor") to stay an order pending appeal. For the reasons set forth herein, the Court hereby denies the motion.

## I. *JURISDICTION AND PROCEDURE*

The Court has jurisdiction to entertain this motion under 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (O).

## II. *DISCUSSION*

On March 31, 1992, the Court found a $20,000.00 debt of the Debtor to John F. Dornik nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). *See Dornik v. Maurice,* 138 B.R. 890, 895 (Bankr.N.D.Ill. 1992). That decision was thereafter affirmed by the district court. *See* 1992 WL 308535, 1992 U.S.Dist. LEXIS 16032 (N.D.Ill. Oct. 19, 1992) (Shadur, J.). The Debtor appealed Judge Shadur's decision to the Seventh Circuit Court of Appeals. That appeal currently remains pending.

▆▆▆ Federal Rule of Bankruptcy Procedure 8005, which governs this matter, provides in relevant part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankrupt-

**138**

cy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

Fed.R.Bankr.P. 8005. Pursuant to Bankruptcy Rule 8005, a motion to stay pending appeal must be presented to the bankruptcy judge in the first instance. The motion can be made to the district court, but it must show why the relief was not obtained from the bankruptcy judge, or it can be renewed in the district court if not granted by the bankruptcy judge.

The Debtor filed his first motion to stay before the district court, not this Court. On November 9, 1993, that motion was denied by Judge Shadur, in part, because the Debtor failed to make the motion with the bankruptcy court in the first instance or show why the relief was not obtained from this Court. Moreover, Judge Shadur denied the motion because the Debtor failed to address the posting of a supersedeas bond under Federal Rule of Civil Procedure 62(d).

■■■ Whether a stay pending appeal should be granted in this Court's discretion turns on the following factors: (1) the movant's likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable injury if a stay pending the appeal is not granted; (3) whether other parties will suffer substantial harm if the stay is issued; (4) whether there will be harm to the public interest if the stay is issued. *In re Mader*, 100 B.R. 989, 990 (N.D.Ill.1989); *In re Hamilton*, 95 B.R. 564, 565 (N.D.Ill.1989). The Court finds that the Debtor has not shown that all of these elements are present. First, there is little or no likelihood of success on the merits of the appeal. The Court's decision was affirmed on all issues by the district court. Next, the Debtor's conclusory allegation that he will suffer irreparable harm is insufficient to demonstrate same. It is not irreparably harmful (or wrongful) for a judgment debtor to be subjected to post-judgment enforcement actions to collect a final judgment in favor of a judgment creditor where the debtor has not posted an adequate supersedeas bond. The Debtor argues that he will probably be fired from his job if wage deduction proceedings continue. He has proffered no evidence to support that allegation. Moreover, Illinois employers are prohibited under pain of potential criminal prosecution from discharging or suspending any employee by reason of the fact that the employee's earnings have been subjected to a deduction order for any one indebtedness. *See* 735 ILCS 5/12–818.

Dornik, on the other hand, will suffer substantial harm if the stay is issued. He obtained his state court judgment in 1987, which was affirmed by the Supreme Court of the State of Illinois. He should be allowed to continue with his post-judgment collection of that judgment determined to be nondischargeable here. Finally, the Court agrees with the Debtor that there will be no harm to the public interest if a stay is issued, but only if adequate security is furnished to fully secure Dornik's judgment, plus interest and costs. The Debtor has not offered or procured same. The Debtor's suggestion and argument that a stay should be granted with no supersedeas bond or a minimal one of $250.00 is rejected as patently inadequate. Hence, the Court will not enter an order to stay execution of the judgment pending the appeal in the Seventh Circuit Court of Appeals.

■■■ Even if the Debtor had adequately demonstrated all of these elements, the Court finds that Judge Shadur's denial of this same motion in November 1993, should be given preclusive effect under the doctrine of res judicata. *See In re Devine's Moving Service, Inc.*, 115 B.R. 274, 275 (D.Nev.1990). Contrary to the Debtor's arguments, for res judicata to apply, three requirements must be met: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits. *Wade v. Hopper*, 993 F.2d 1246, 1252 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *In re Energy Cooperative, Inc.*, 814 F.2d 1226, 1230 (7th Cir.1987), *cert. denied*, 484

U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987). All elements have been satisfied. The identical motion was decided by Judge Shadur on November 9, 1993. He entered a final judgment on the merits in that earlier motion denying same. Finally, the Debtor and Dornik are the identical parties involved in both motions. Hence, the decision of Judge Shadur is res judicata with respect to the motion at bar. This Court does not exercise any appellate jurisdiction whatsoever over any matters decided by the district court.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### ORDER

For the reasons set forth in a Memorandum Opinion dated the 31st day of March, 1994, the Court hereby denies the motion of John A. Maurice to stay an order pending appeal.