41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald Mark GARRINGER, Plaintiff-Appellant,
v.
Deborah J. DANIELS and Donald Lundberg, Defendants-Appellees.
 No. 93-3783.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 15, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In December 1992, Donald Garringer filed a Bivens complaint in district court alleging that Deborah J. Daniels, the United States Attorney for the Southern District of Indiana, violated Garringer's Fourth and Fifth Amendment rights by wrongfully concealing information relating to a client's bankruptcy action ("Wade bankruptcy")[1] and willfully failing to perform her duty to enforce the law concerning alleged wrongdoing in the Wade bankruptcy action. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). At the same time Garringer brought an action under 18 U.S.C. Sec. 1983 against Donald R. Lundberg, the Executive Secretary of the Disciplinary Commission of the Indiana Supreme Court, alleging that Lundberg brought a disciplinary complaint against Garringer earlier that year with the sole malicious intent of assisting in looting the Wade bankruptcy estate and denied Garringer the opportunity to defend himself by depriving him of witnesses, documents, and the ability to cross examine adverse witnesses. In addition, Garringer alleged that both Daniels and Lundberg conspired to conceal and assist in the "looting" of the Wade bankruptcy estate in violation of RICO, 18 U.S.C. Sec. 1964(c).
 
 
 2
 Both Daniels and Lundberg filed motions to dismiss and for Rule 11 sanctions. In March 1993, a pretrial conference was held and a magistrate judge approved a case management plan in which Garringer requested until May 21, 1993 to respond to the motions to dismiss. Two days prior to the deadline, on May 19, 1993, the district court granted the motions to dismiss and for Rule 11 sanctions. Garringer filed a motion to alter or amend judgment which the court denied. The court found:
 
 
 3
 Plaintiff has made no showing nor allegation that his response, had it been filed and considered by the Court prior to the entry of judgment, would have had any effect whatever upon the outcome of the case inasmuch as the materials filed with the motion are conclusory, irrelevant and self-serving.
 
 
 4
 Garringer v. Daniels and Lundberg, Order No. IP-92-1710-C (S.D.Ind. Oct. 20, 1993). Garringer appeals the court's dismissal order and award of $5,000 in attorney's fees as Rule 11 sanctions.
 
 RULE 12(b)(6) DISMISSAL
 
 5
 We review the district court's dismissal for failure to state a claim under Rule 12(b)(6) de novo. Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1019 (7th Cir.1992). We accept all well-pleaded factual allegations made in the complaint as true and we draw all reasonable inferences from the allegations in the plaintiff's favor. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir.1992), cert. denied, 113 S.Ct. 2421 (1993). The lower court's dismissal will be affirmed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 Garringer contends that the district court erred in granting the motions to dismiss two days prior to the response deadline set in the case management plan. While it is typically better to wait until the response to the motion to dismiss is filed, we find no error in the district court's decision to dismiss the complaint. Garringer had full notice of the pending motions to dismiss and had ample opportunity to respond after judgment was entered and again here on appeal. In his motion to alter or amend the order and judgment Garringer made no showing that his response would have cured the defects of his earlier pleadings. On appeal, Garringer has continued to make unsubstantiated, vague, and conclusory allegations and has failed to demonstrate that his complaint states any basis, factual or legal, that would state a claim for relief.
 
 
 7
 We will uphold a district court's dismissal prior to plaintiff's response when a sua sponte dismissal is warranted on the face of the pleadings or when a plaintiff's subsequent pleadings fail to cure any of the defects for which it was dismissed. See Apostal v. Landau, 957 F.2d 339, 343 (7th Cir.1992) ("Sua sponte dismissals for failure to state a claim upon which relief may be granted are permitted, provided a sufficient basis for the court's action is apparent from the plaintiff's pleading."); Uni*Quality, Inc. v. Infotronix, Inc., 974 F.2d 918, 924 (7th Cir.1992) ("On appeal, Uni*Quality has not pointed to anything additional that it could include in its complaint so that the complaint would comply with Rule 9(b). Uni*Quality has had ample opportunity to make its arguments both in the district court and this court. In these circumstances, any error the district court might have committed in precipitously dismissing the complaint was harmless.")
 
 
 8
 Garringer's Bivens action against Daniels and Sec. 1983 action against Lundberg were properly dismissed since both Daniels and Lundberg are covered by quasi-judicial immunity. Garringer's charges against Daniels are based upon actions taken in her capacity as United States Attorney and as such Daniels is immune from suit. Imbler v. Pachtman, 424 U.S. 409 (1976); Buckley v. Fitzsimmons, 20 F.3d 789, 794 (7th Cir.1994). Similarly, the allegations against Lundberg concern his conduct while performing his duties as Executive Secretary of the Disciplinary Commission and as such Lundberg is immune from suit. Kissell v. Breskow, 579 F.2d 425, 430 (7th Cir.1978).
 
 
 9
 Garringer's RICO claims were also properly dismissed. Common law immunity extends to protect Daniels and Lundberg against RICO liability. Thillens Inc. v. Community Currency Exchange Assoc., 729 F.2d 1128, 1130 (7th Cir.1984). In addition, Garringer failed to properly plead his RICO claim under 18 U.S.C. Sec. 1964(c). In order to maintain an action under RICO a claimant must "demonstrate (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." McDonald v. Schencker, 18 F.3d 491, 494 (7th Cir.1994). "The complaint must also allege facts from which it reasonably may be inferred that the defendants engaged in the scheme with fraudulent intent." Jepson Inc. & Ko Shin Elec. and Machinery Co., Ltd., v. Makita Corp., No. 93-1606, slip op. at 11 (7th Cir. Sept. 13, 1994). Garringer has failed to plead any factual allegations supporting RICO claims against Daniels and Lundberg,[2] showing neither the existence of an enterprise nor a pattern of racketeering. The RICO charges were, therefore, properly dismissed for failure to state a claim upon which relief could be based.
 
 RULE 11 SANCTIONS
 
 10
 We employ a deferential standard of review to a district court's decision on whether to impose Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990); Mars Steel Corp. v. Continental Bank, N.A., 880 F.2d 928, 933 (7th Cir.1989) (en banc ). We will affirm the district court's judgment unless it is based on clear errors of fact or it is an abuse of discretion. Kapco Mfg. Co., Inc. v. C & O Enters., Inc., 886 F.2d 1485, 1491 (7th Cir.1989). "Decisions concerning the award of attorney's fees as a Rule 11 sanction are 'better left to the discretion of the district court who has a bird's eye view of the actual positions taken by the litigants.' " Brandt v. Schall Associates, Inc., 960 F.2d 640, 645 (7th Cir.1992) (quoting Flip Side Productions, Inc. v. Jam Productions, Ltd., 843 F.2d 1024, 1038 (7th Cir.1988).
 
 
 11
 While we agree that the district court should usually wait until the deadline set for response in a case management plan has passed, we do not believe the court abused its discretion here when it sanctioned Garringer prior to his response. "[T]he rule is explicit that the judge may act on his own initiative." Shrock v. Altru Nurses Registry, 810 F.2d 658, 662 (7th Cir.1987). This is particularly the case when the court is sanctioning a litigant for actions taken in front of the court such as filing frivolous claims that are not well grounded in fact or law. See Brandt, 960 F.2d at 646-647; Kapco Mfg. Co., Inc., 886 F.2d at 1495.
 
 
 12
 Garringer, an attorney, had been put on notice of the deficiencies in his complaint for well over two months prior to the dismissal yet made no effort to amend the complaint or provide a remedy for the defects in his motion to alter or amend judgment. Nor has Garringer shown this court why his allegations aren't frivolous or why Rule 11 Sanctions should not have been imposed. It is clear that Garringer did not reasonably inquire into the law governing the claims brought against Daniels and Lundberg and that his pleadings were not well grounded in fact but merely contain unsubstantiated, conclusory allegations. Under these circumstances, the district court properly awarded Rule 11 sanctions against Garringer.
 
 MISCELLANEOUS CLAIMS
 
 13
 Garringer also contends that Lundberg and Daniels deprived him of the opportunity to inspect records concerning the collection of assets involved in the Wade bankruptcy case. Garringer has failed to adequately allege that either Lundberg or Daniels had any duty to provide him with the records that he desired. As for Garringer's other arguments, we find them frivolous and irrelevant to his complaints against Lundberg and Daniels.
 
 
 14
 Based upon the foregoing analysis, we AFFIRM the disposition of the district court in its entirety.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 This matter was previously before this court. Wade v. Hopper, 993 F.2d 1246 (7th Cir.1993). The Wade case involved voluntary bankruptcy proceedings of the Wade Trucking Company and first reached this court after lengthy litigation in both the bankruptcy and district courts. The Wades, represented by appellant Garringer, alleged that several parties, including the former bankruptcy trustee and his attorneys, were engaged in a conspiracy to loot Wade Trucking's bankruptcy estate. We affirmed the district court's disposition in its entirety finding no error in the court's denial of a motion for leave to amend plaintiff's complaint for a third time, denial of a motion for joinder, dismissal of all but one of the plaintiff's claims for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6), and grant of summary judgment for the defendant. Id
 
 
 [2]
 We note that Garringer should have been well aware of the pleadings requirements for a RICO claim as we affirmed the dismissal of his previous RICO claims in Wade because his client's "allegations [were] either conclusory or vaguely supported as to times, places, and other important factual data." Wade, 993 F.2d at 1250