**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DCFS USA, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-42 (RMC)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

In his Motion for Joinder, Stephen Yelverton seeks status as a plaintiff to recover his 2006 Mercedes-Benz (or the equivalent value) from the District of Columbia which impounded and auctioned the vehicle. This is the same relief Mr. Yelverton unsuccessfully pursued in the bankruptcy court. Both *res judicata* and the lack of standing bar the relief Mr. Yelverton seeks. Accordingly, the Court will deny his motion for joinder.

## I. FACTS[1]

In 2006, Mr. Yelverton purchased a 2006 Mercedes-Benz SLK350. Plaintiff DCFS held a secured claim in the vehicle based upon a purchase agreement signed by Mr. Yelverton. Mr. Yelverton defaulted on the purchase agreement by failing to make timely payments and never cured the default.

---

[1] For additional facts, see Dkt. # 41, *DCFS USA, LLC v. District of Columbia* — F.Supp.2d —, 2011 WL 3606623 (D.D.C. 2011).

On December 22, 2008, the D.C. Department of Public works towed and impounded the vehicle for the failure to display current tags and for ignoring several tickets. The vehicle was auctioned on March 17, 2009 for $18,900. Mr. Yelverton states he did not receive notice of the auction. At the time of the auction, Mr. Yelverton owed DCFS more than $42,000 on the vehicle.

On May 14, 2009, Mr. Yelverton filed for Chapter 11 bankruptcy in the District of Columbia. *In re Stephen Yelverton,* Bankr. No. 09-414 [Dkt. # 1]. On August 17, 2010, Mr. Yelverton filed an adversary proceeding against the District of Columbia seeking to recover his vehicle or the value of the vehicle. *See Yelverton v. District of Columbia (In re Stephen Yelverton),* Adv. Proc. 10-10045 [Dkt. # 1]. On August 20, 2010, Mr. Yelverton's bankruptcy case was converted to one under Chapter 7, and a trustee was appointed. *In re Stephen Yelverton*, Bankr. No. 09-414 [Dkt. # 323]. On July 18, 2011, Yelverton's adversary complaint was dismissed with prejudice because Mr. Yelverton lacked standing. *Yelverton v. District of Columbia*, Adv. Proc. 10-10045 [Dkt. # 18].

## II. LEGAL STANDARD

### A. *Res Judicata*

The doctrine of *res judicata* bars the court from hearing "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, ⸺ U.S. ⸺, 131 S.Ct. 1723, 1730 (2011) (internal quotations omitted). Under the doctrine of *res judicata*, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment

on the merits, (4) by a court of competent jurisdiction. *E.g., Small v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted). *Res judicata* prevents the relitigation of claims that were actually litigated in a prior suit and those that could have been litigated but were not. *E.g., Allen v. McCurry,* 449 U.S. 90, 94 (1980). Because the defense of *res judicata* is of jurisdictional character, courts can and should raise the issue *sua sponte*. *See Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997).

### B. Standing

As soon as a debtor files a bankruptcy case "all legal or equitable interests, including causes of action on behalf of the debtor, are transferred from the debtor to the bankruptcy estate." *Marshall v. Honewell Tech. Solutions, Inc.,* 675 F.Supp.2d 22, 24-25 (D.D.C. 2009). In a Chapter 7 case, after a trustee is appointed, only the trustee can bring actions on behalf of the estate. *See, e.g., Banks v. County of Allegheny (In re Banks)*, 223 Fed.Appx. 149, 151 (3d Cir. 2007)(a "Chapter 7 trustee was the only person with authority to bring . . . a cause of action . . ."); *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 657 n.1 (4th Cir. 1997). Thus a debtor has no standing to prosecute estate actions once a trustee has been appointed. *Id.*

### III. ANALYSIS

Mr. Yelverton's motion for joinder will be denied because it is precluded by his prior adversary proceeding and because he lacks standing.

### A. The Adversary Proceeding Should Be Given Preclusive Effect.

With respect to Yelverton's adversary proceeding, each of the four elements necessary for claim preclusion are met. First, the claim raised in Mr. Yelverton's motion for joinder is identical to the one raised in his adversary proceeding – Mr. Yelverton is seeking the

return of his Mrecedes-Benz or its equivalent value. This clearly satisfies the requirement that the second cause of action arise out of the "same nucleus of facts." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). Second, both parties in the adversary proceeding (Mr. Yelverton and the District of Columbia) are also present here. Third, the bankruptcy court's dismissal with prejudice was a final judgment on the merits. *See, e.g.*, *Mervin v. FTC*, 591 F.2d 821, 830–31 (D.C. Cir. 1978) (Dismissal under 12(b)(6) is "an adjudication on the merits having full res judicata effect."); *Wade v. Hopper*, 993 F.2d 1246, 1251-52 (7th Cir. 1993) (Dismissal of an adversary proceeding in bankruptcy was "a final adjudication on the merits" that precluded a second action on the same claim). The remedy for an adverse decision is an appeal, not a new lawsuit. Fourth, the bankruptcy court is a court of competent jurisdiction. *See, e.g., Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009). Thus, Mr. Yelverton's motion for joinder will be denied.

### B. Mr. Yelverton Lacks Standing.

Mr. Yelverton's motion must also be denied because he lacks standing to pursue his claim against the District of Columbia. Upon the conversion of Mr. Yelverton's bankruptcy case to a Chapter 7, he no longer had the authority to pursue any claims, including this one, that belonged to the estate. Only the trustee could pursue those claims. Given that Mr. Yelverton owed more than $42,000 on a vehicle that fetched less than $19,000 at an auction, it is unsurprising that the trustee has decided not to pursue a claim against the District. *See Yelverton v. District of Columia (In re Stephen Yelverton)*, Adv. No. 10-10045, 2011 WL 2909379 at *1 (Bankr. D.C. 2011). However, unless and until the trustee *abandons* the claim, it remains his alone to prosecute and Yelverton lacks standing to do so.

## III. CONCLUSION

This Court can provide no remedy to Mr. Yelverton for the loss of his automobile.

He lacked standing in bankruptcy court, and he still lacks standing here for the same reasons.

Moreover, the bankruptcy court order must be given preclusive effect.


Date: October 21, 2011                                    _____/s/_____
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge