ATTORNEYS FOR PETITIONER:
**RANDAL J. KALTENMARK**
**ZIAADDIN MOLLABASHY**
BARNES & THORNBURG LLP
Indianapolis, IN

**JOHN H. DIES**
**JEREMY M. FINGERET**
**ROSALIND J. LEWIS**
**JEFFERSON H. READ**
ZERBE MILLER FINGERET
FRANK & JADAV, P.C.
Houston, TX

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**REBECCA L. MCCLAIN**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

**SEAN P. BURKE**
**HAMISH S. COHEN**
**ELINAM B. KPOTUFE**
MATTINGLY BURKE COHEN &
BIEDERMAN LLP
Indianapolis, IN

FILED
May 10 2019, 2:08 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| TELL CITY BOATWORKS, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 18T-TA-00004 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| STATE REVENUE, | ) |
| | ) |
| Respondent. | ) |

ORDER ON RESPONDENT'S MOTION
TO EXCLUDE THE ALLIANTGROUP REPORT AND
EXCLUDE OR LIMIT THE PROPOSED TESTIMONY OF STACY LITTLE

**FOR PUBLICATION**
**May 10, 2019**

WENTWORTH, J.

This matter concerns the Indiana Department of State Revenue's "Motion to Exclude the AlliantGroup Report and Exclude or Limit the Proposed Testimony of Stacy Little." Upon review, the Court denies the Department's Motion in part and grants it in

part.

## BACKGROUND

On January 16, 2018, Tell City Boatworks, Inc. filed an original tax appeal challenging the Department's final determination that Tell City was not entitled to a qualified research expense credit (the "QRE credit") or an income tax refund for the 2010 tax year. Pursuant to the Court's Case Management Plan, the parties were ordered to disclose the names, addresses, and reports of any experts no later than October 4, 2018. That deadline was later extended to October 12, 2018.

At some point during the discovery process, Tell City produced its "Research and Development Tax Credit Study" ("Report"). (See Resp't Br. Supp. Mot. Exclude Alliant Group Report & Exclude or Limit Proposed Test. Stacy Little ("Resp't Br.") at 3, Ex. B.) The Report provided that Tell City had retained the alliantgroup LP "to assist in analyzing, substantiating, and documenting [Tell City's] various research and experimental activities in accordance with the guidelines provided" in Indiana Code § 6-3.1-4 et seq. and IRC §§ 41 and 174 for the 2010 tax year. (Resp't Br., Ex. B at 1.) In addition, Tell City indicated that although it did not intend to call an expert witness to testify, it may call Stacy Little, an Associate Director with the alliantgroup, as a fact witness. (See Resp't Br., Ex. A at Interrogs. 11, 12.) Tell City explained that Ms. Little's testimony might "address anything from project qualification to quantification of the research credit to substantiation or other items related to the claimed credit." (Resp't Br., Ex. A at Interrog. 11.)

In October of 2018, the Department sent a 30(B)(6) Notice of Deposition and a subpoena duces tecum for the production of certain documents to the alliantgroup. (Resp't Br., Ex. C.) The parties subsequently agreed to postpone that discovery "until

2

. . . Tell City decided whether it would call a representative of the alliantgroup as a witness at trial." (Resp't Br. at 4.) At some point thereafter, the Department discovered that Ms. Little was both an alliantgroup employee and an attorney and that all of Tell City's non-local counsel held managerial, executive, or senior positions at the alliantgroup. (See, e.g., Resp't Br. at 1-2, 7-8.) On January 29, 2019, the Court held a Status Conference during which Tell City confirmed for the first time that Ms. Little would be called as a fact witness. (Resp't Br. at 4.)

On February 13, 2019, the Department filed its Motion, claiming the Report and testimony of Ms. Little should be excluded or limited pursuant to Indiana Rules of Evidence 403, 602, 701, 704, 801, and 802. (See generally Resp't Br. at 9-22.) On March 5, 2019, after the matter was fully briefed, the Court took the Department's Motion under advisement. Additional facts will be supplied when necessary.

## LAW AND ANALYSIS

The Department has presented several arguments claiming, for one reason or another, that Indiana's rules of evidence bar the admission of Ms. Little's testimony and the Report. (See, e.g., Resp't Br. at 9-22.) It appears, however, that the Department's primary claim is that Ms. Little should not be permitted to testify as a fact witness because the substance of both her testimony and the Report are more akin to the opinions of experts than those of fact witnesses. (See, e.g., Resp't Br. at 14-16.)

Tell City, on the other hand, claims that the Department's characterization of Ms. Little as "'an expert in lay witness' clothing'" is unfounded because she possesses none of the attributes of a retained expert. (See Pet'r Resp. Opp'n Resp't Mot. Exclude AlliantGroup Report & Exclude or Limit Proposed Test. Stacy Little ("Pet'r Br.") at 2, 4-5,

3

13-14 (indicating that Ms. Little was directly involved in conducting the alliantgroup's study of Tell City).) Tell City further claims that the Department's concerns regarding the Report are misplaced because it is nothing more than a "summary of the actions taken by Ms. Little throughout her involvement in the subject study." (Pet'r Br. at 5.) Tell City's arguments, however, are not persuasive.

Tell City seeks to introduce Ms. Little's testimony pursuant to Rule 701 of Indiana's Rules of Evidence. Rule 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; and (b) helpful to a clear understanding of the witness's testimony or to a determination of a fact in issue." Ind. Evidence Rule 701.

At the outset, it is not clear how many individuals from the alliantgroup were involved in conducting the study or creating the Report. (See Pet'r Br. at 1-2 (indicating that Ms. Little "helped" create the Report).) In fact, it is not clear who actually authored the Report because it lists the alliantgroup as its sole author. (See Resp't Br., Ex. B.) Nonetheless, the Report does indicate that Ms. Little's opinions on Tell City's eligibility for the QRE credit were based on reviews of "contemporaneous documentation" and interviews with an unspecified number of "key employees." (See Resp't Br., Ex. B at 12-16.) (See also Pet'r Br. at 6-7.) Indeed, the Report provides that because "Tell City's management and Engineering Team employees did not track their time directly to projects[,]" the "alliantgroup discussed and subsequently evaluated the activities of these individuals in order to determine the percentage of time spent engaged in qualifying activities on qualified projects[.]" (Resp't Br., Ex. B at 15.) Thus, it appears that Ms. Little's opinions on Tell City's eligibility for the QRE credit were based on information

4

received from others not her own personal perceptions.  See, e.g., Averitt Exp., Inc. v. State ex rel. Indiana Dep't Transp., 18 N.E.3d 608, 613 (Ind. Ct. App. 2014) (explaining that when an Indiana state trooper considered what witnesses told him about an accident, his opinions were based on information received from others, and thus, were not admissible under Rule 701).  Accordingly, Tell City has not shown that Ms. Little's testimony is admissible under Indiana Evidence Rule 701.  The analysis does not, however, end here.

Indiana Evidence Rule 702 provides "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Ind. Evidence Rule 702(a).  This Rule, among others, governs the admission of two types of expert evidence:  1) scientifically-based evidence; or 2) non-scientific evidence based on an expert's specialized knowledge and experience.  See Malinski v. State, 794 N.E.2d 1071, 1084-86 (Ind. 2003).  When expert evidence is based upon the expert's skill or experience instead of the application of scientific principles, the proponent of the evidence "must only demonstrate that the subject matter is related to some field beyond the knowledge of lay persons and that the witness possesses sufficient skill, knowledge or experience in the field to assist the trier of fact to understand the evidence or to determine a fact in issue."  Norfolk S. Ry. Co. v. Estate of Wagers, 833 N.E.2d 93, 102 (Ind. Ct. App. 2005) (citation omitted), trans. denied.

The United States Court Tax has stated that "[t]he research tax credit is one of the most complicated provisions in the [Internal Revenue] Code."  Suder v. C.I.R., 108 T.C.M.

5

(CCH) 354, 2014 WL 4920724, at *30 (T.C. 2014).  Given its complexity, taxpayers seeking the credit typically retain individuals with experience in the field, like the alliantgroup, to assist with assessing their eligibility for the credit.  See, e.g., id. at *22 (explaining that an employee learned how to calculate the qualified research expense credit independently after working closely with the alliantgroup on an unrelated qualified research expense study).  See also United States v. Quebe, 2017 WL 279539, at *1 (S.D. Ohio 2017) (providing that Quebe retained the alliantgroup to evaluate its eligibility for the research tax credit).

Indiana incorporates certain provisions of the Internal Revenue Code and related Treasury Regulations for purposes of determining whether a taxpayer qualifies for the QRE credit.  See, e.g., IND. CODE § 6-3.1-4-1 (2019).  Thus, it follows that the evaluation of whether a taxpayer is eligible for Indiana's QRE credit requires specialized knowledge, skill, experience, or training.  Ms. Little "was responsible for the development, calculation, and finalization of the tax credit" that Tell City seeks.  (Pet'r Br. at 1.)  The Department has not claimed that she lacked the knowledge, skill, experience, or training to accomplish these tasks.  (See generally, e.g., Resp't Br.)  Moreover, the Court believes expert testimony would assist the Court in understanding the evidence.  Accordingly, the Court finds that if Ms. Little testifies, she may do so only as an expert witness.

The Department further claims that it would be prejudiced by the introduction of Ms. Little's testimony and the Report "because it would have to respond to what are essentially expert opinions without the benefit of the normal expert disclosures, the full scope of expert discovery, and/or a real opportunity to find, disclose, and present a rebuttal expert."  (See Resp't Br. at 15-16.)  The Court will therefore level the playing field

6

by providing the Department with additional time to conduct discovery.

Finally, with respect to the Report, Indiana Evidence Rule 704 prohibits witnesses from testifying to legal conclusions. See Ind. Evidence Rule 704(b). The Department claimed that there are portions of the Report that draw legal conclusions. (See Resp't Br. at 17-19.) For instance, the Report discusses why Tell City's projects satisfied the relevant statutory requirements, and it opines "that is more likely than not the expenditures allocated in this Study qualify for the [QRE credit] based on current statutes and regulations." (See, e.g., Resp't Br., Ex. B at 6-11, 20-42.) Nonetheless, it is not clear whether the statements in the Report are inadmissible legal conclusions or admissible opinions that simply apply the law to the facts because neither party has briefed this specific issue. Compare, e.g., Walker v. Lawson, 526 N.E.2d 968, 970 (Ind. 1988) (providing "[i]t is inappropriate for a court to entertain evidence concerning a witness's interpretation of the law") with Quebe, 2017 WL 279539, at *16-17 (indicating that an opinion regarding the application of law to facts is not a legal conclusion). See also generally Resp't Br.; Pet'r Br.) Consequently, neither Ms. Little nor any other witness may testify to any portion of the Report that the Court determines is a legal conclusion.

## CONCLUSION

The Court, having determined that Ms. Little may testify only as an expert witness rather than a fact witness, declined to exclude any portion of the Report at this phase in the proceedings, and determined that the Department may conduct additional discovery

7

regarding Tell City's expert witness and the Report, now DENIES the Department's Motion in part and GRANTS it in part.

SO ORDERED this 10th day of May 2019.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution:
Randal J. Kaltenmark, John H. Dies, Jeremy M. Fingeret, Rosalind J. Lewis, Ziaaddin Mollabashy, Jefferson H. Read, Rebecca L. McClain, Sean P. Burke, Hamish S. Cohen, Elinam B. Kpotufe